IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, ET, AL       :
    Plaintiffs'           :
                          :
v.                            :
                          :
HELEN LOHMAN, SCOTT MORGAN    :
TOM CARVAN, JAY PLUMMER, AND  :
JOE FIELDS,                   :
    Defendants.           :



FILED
FEB 17 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO

AND PRELIMINARY INJUNCTION

Statement of the Case

This is a civil rights action brought under 42 U.S.C. § 1983 by state prisoners whos commissary fund and expenditures are being used inappropriately by the defendants in this case. The plaintiffs seeks a temporary restraining order and a preliminary injunction to ensure that this violation cease.

Statement of Facts

As stated in the declaration submitted with this motion, the plaintiffs are suffering a fifth and Fourteenth Amendments and civil statue violations. The given away of inmates commissary to other officers, and the purchases of items that are not a benefit to the whole population of the inmates. The defendants against whom relief is sought are, respectively, the overseer of inmate commissary fund and the ones who work in the inmate commissary. The recreational staff who provide recreational equipment with inmate proceeds from commissary products.

ARGUMENT

POINT1

THE PLAINTIFFS IS ENTITLED TO A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: Whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

A. The plaintiffsis threatened with irreparable harm.

The Plaintiffs alleges that they have been denied their rights of the Fifth an Fourteenth Amendment of the United States Constitution. As a matter of law, th continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347,373,96 S.Ct. 2673(1976). This principle has been applied in prison litigation generally,see Newsom v. Norris, 888 F.2d 371,378 (6thCir.1989);

In addition, the plaintiffs is suffering irreparable harm because commissary funds are being used monthly.

B. The balance of hardships favors the plaintiffs

In deciding whether to grant TRQ and preliminary injunctions, courts ask wheth er the suffering of the moving party if the motion is denied willoutweigh the suffering of the non-moving paryt if the motion is granted.See, e.g. Mitchell Cuomo, 748 F.2d 804, 808 (2d Cir 1984).

In this case, the present suffering of the plaintiffs through wrongful use of their commissary fund, then the defendants who should have State Treasure for the items they desire to purchase and should have money to buy their own food.

C.The plaintiffsis likely to succeed on the merits.

The plaintiffs has a great likelihood of success on the merits. Defendants has clearly used the inmates property and proceeds inappropriately, for things tha do not benefit the inmate population as a whole and for their own personal des res.

D. The relief sought will serve the public interest

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law.

Duran v. Anaya, 642 F.supp. 510, 527(D.N.M.) 1986( Respect for law, particularly by officials responsible for the administration of the states correctional system, is in itself a matter of the highest public interest. See; also Llwelyn v. Oakland County Prosecutor's Office, 402 F.Supp. 1379,1393 (E.D.MICH. 1975) (the Constitution is the ultimate expression of the publi interest)

### Point II

THE PLAINTIFFS SHOULD NOT BE REQUIRED TO POST SECURITY.

Usually a litigant who obtains interim injunctive relief is asked to post securit. Rule 65(c), Fed.R.Civ.P. However, the plaintiffs are indigent and is unable to post security,The court has the discretion to excuse an impoverished litigants form posting security. Ornates-Hernandez v.Smith 541 F.Supp. 351,385 n. 30 (C.D.Cal1982)the court should grant the relief requested without requiring the posting of security.

### CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety.

1/23/06

Jamse A. Wilson

S.C.I.P.O. Box

500 Georgetown, DE.19947

James Wilson
I/M: BLDG,
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

Office of the Clerk
United States District
Court 844 N. King St.
Lockbox 16
Wilm, DE. 19801-3570

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2006 FEB 17 PM 4:50

| | |
|---|---|
| JAMES A. WILSON, | : |
| PLAINTIFF, | : |
| V. | : |
| HELEN LOHMAN, Individually, and | : CIV. ACT. NO.: 1:06-CV-00053 KAJ |
| official Capacity, Scott Morgan | : |
| Individually and official capacity, | : |
| TOM CARVAN, Individually, and offi- | : |
| cial capacity, JAY PlUMMER, Indivi- | : |
| dual, and official capacity, Joe Field, | : |
| Individually and official capacity | |

ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION

Upon the supporting affidavit of the plaintiff and the accompanying of memorandum of law, it is

ORDERED that defendants HELEN LOHMAN, SCOTT MORGAN, TOM CARVAN, and JAY PLUMMER show cause in room____ of the UNITED STATES COURTHOUSE, 844 N.King St, Lockbox 18 Wilming, Delaware 19801, on the ____day of _____2006, at ____o'clock, why a preliminary injunction should not issue pursuant to Rule 65(a), Fed.RCiv.P., enjoining the said defendants, their successors in office agents and employees and all other persons acting in concern and participation with them, to cease from using the expenditures from the Commissary Fund, and the consumption of inmates property(commissary items), and to prohibit the defendants from further depletion of the Commissary Fund for expenditures for Law Library books, locker boxes, chairs, tables, barber supplies, office supplies, repeated movies and other items that is not statutorily violations of inmate commissary fund expenditures.

IT IS FURTHER ORDERED that this order to show cause, and all other papers attached to this application, shall be served on defendants by_____
2006, by U.S Marshals Service.                                    Dated:_____