IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, ET, AL | : |
| Plaintiff's | : |
| v. | : |
| HELEN LOHMAN, Individually, and | : CIV. ACT. NO.: 06-53 (JLAJ) |
| official Capacity, SCOTT MORGAN | : |
| Individually and Official Capacity, | : |
| TOM CARVAN, Individually, and Offi- | : |
| cial Capacity, JAY PLUMMER, Indivi- | : |
| dual, and Offical Capacity, JOE FiELD | : |
| Individually, Defendants, CAPACity, | : |

DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR A
PRELIMINARY INJUCNTION

1. I am the plaintiff,et,al in this case. I make this declaration in support of my motion for a preliminary injunction to ensure that plaintiffs' Civil Rights, and Constitutional rights cease from being violated.

2. As set forth in the Complaint in this case, defendants' are MIS-APPROPRIATEDLY using the inmate commissary fund and property.
3. Attached to Civil Complaint are exhibits of commissary expenditures showing that the inmate fund is being used inappropriately.
4. The buying of law library books.
5. Buying of locker boxes
6Buying of office supplies,pcc programs.
7. The purchase of chairs and tables,etc.
8. Plaintiffs' suffers irreparable harm in the form of continued use of inmate commissary fund.
9. The giving away of inmates' property to the officers plaintiffs suffers irreparabled harm.
10. Each building officers has the key to the inmate commissary and is able to obtain inmates property at will.
11. Joe Fields, Jay Plummer works in the commissary and gives inmates property to other Staff.
12. Scott Morgan and Tom Carvan are Recreational Staffs that receives inmates commissary from Joe Fields and Jay Plummer.

page2

13. Scott Morgan orders the movies for the inmates and refuse to screen rated r movies that are not sexually explicit and shows the same repeated movies costing the inmate fund $500.00 in expenditures on a regular basis.

14. Scott Morgan is having inmate recreational equipment sent to his house breaching fuduciary duty of contract of inmate commissary fund.

15. Helen Lohman oversees inmates commissary fund and is using it for products that do not benefit inmates as a whole, breaching her fuduciary duties concerning inmates commissary fund.

16. For the reasons set forth in the memorandum of law filed with this motion, the plaintiffs is entitled to a temporary restraining order requiring the defendants to cease from using the inmates commissary fund and products contrary to duties and contract, and a preliminary injunction requiring the defendants from given away inmates commissary, the rising of prices and the selling of outdate items to inmates.

17. For the foregoing reasons, the court should grant the plaintiffs' motion in all respects.

Pursuant to 28U.S.C. 1746 , I declare under penalty of perjury that the foregoing is true and correct


James A.Wilson   1/22/06

*James a. Wilson* (signature)

JAMES WILSON
I/M: BLDG. MHCT / SHU
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

Office of the Clerk
United States District
Court 844 N. King St.
Lockbox 16
Wilm, De. 19801-3570