IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 06-53-KAJ |
| | ) |
| HELEN LOHMAN, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

The plaintiffs, who proceed *pro se,* all are inmates at the Sussex Correctional Institute ("SCI") in Georgetown, Delaware. They move the Court for a temporary restraining order and preliminary injunction (D.I. 6, 7) alleging that the SCI prisoner commissary trust fund account is being misused by the defendants.

The plaintiffs contend that they have met the requisites for injunctive relief. When considering a motion for a temporary restraining order or preliminary injunction, a plaintiff must demonstrate that he is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and, (4) granting the injunction is in the public interest. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir.1969)). "The relevant inquiry is whether the movant is in danger of suffering

irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

In their complaint (D.I. 1), the plaintiffs allege that the defendants are misappropriating the inmates' commissary trust fund and, as a result, the plaintiffs are being deprived of their property right in the funds without due process of law, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution. For example, the plaintiffs allege that the defendants give away commissary products, make wrongful charges and expenditures to the inmate commissary account, and refuse to buy items for the inmates using the commissary account funds. The plaintiffs allege there is no commissary committee to express their concerns, and that commissary prices are rising. The plaintiffs seek declaratory and injunctive relief as well as compensatory damages.

The problem with the plaintiffs' pending motion is that they have not demonstrated a likelihood of success on the merits. Under the Fourteenth Amendment, individuals are entitled to due process if the state deprives them of a property interest that is protected by the constitution. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). In such an analysis, it must first be determined whether the alleged deprivation impacts a protected interest in the property at issue. If there is a valid property interest, then plaintiffs cannot be deprived of it without due process. *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989).

The U.S. Constitution, however, does not create a protected interest in specified property. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Rather, protected property interests "stem from an independent source such as state laws or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* Here, the plaintiffs have not yet provided anything to the Court to support the proposition that they have a valid property interest in the prison commissary trust fund. That being the case, they have not met their burden to demonstrate the likelihood of success on the merits.

Further, even if the plaintiffs had demonstrated the likelihood of success on the merits, there is no showing of irreparable harm. If it is ultimately determined that the defendants violated the plaintiffs' constitutional rights, any actionable harm suffered can be remedied by an award of money damages. *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994).

The plaintiffs have neither demonstrated the likelihood of success on the merits, nor demonstrated irreparable harm to justify the issuance of either a temporary restraining order or a preliminary injunction. Therefore, the motion for a temporary restraining order and preliminary injunction is (D.I. 6, 7) is **DENIED**.

UNITED STATES DISTRICT JUDGE

DATED: March 17, 2006

3