IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 06-053-KAJ |
| | ) |
| HELEN LOHMAN, SCOTT MORGAN, | ) |
| TOM CARVAN, JAY PLUMMER | ) |
| and JOE FIELDS | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6)**

**STATEMENT OF FACTS**

1) Plaintiffs[1] were inmates at the Sussex Correctional Center at the inception of this lawsuit on January 27, 2006 (D.I. 1). Plaintiffs styled this suit as a class action, claiming that Defendants have misappropriated the inmate commissary fund.

2) Plaintiffs filed a motion for a temporary restraining order and preliminary injunction on February 17, 2006. On March 17, 2006 the motion for temporary restraining order was denied. (D.I. 25).

3) Over the course of this lawsuit several plaintiffs have withdrawn from the lawsuit, and others have been dismissed after failing to respond to the Court's request that they contact the Court. (D.I. 64).

**MEMORANDUM OF LAW**

Defendants submit that accepting the allegations in the complaint as true, and drawing all reasonable factual inferences in favor of Plaintiff, the complaint fails to state a claim against

---

[1] There were approximately thirty plaintiffs at the outset of this case. Those plaintiffs who have not been dismissed from the case will be referred to collectively as "Plaintiffs".

moving Defendants.  Accordingly, Defendants are entitled to dismissal with prejudice.

I.  **DEFENDANTS ARE ENTITLED TO DISMISSAL BECAUSE THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may, upon a party's motion, dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion, the court must accept as true all factual allegations contained in the complaint as well as all reasonable inferences that may be drawn from those allegations, and view them in the light most favorable to the nonmoving party. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.*

Though *pro se* pleadings are entitled to leniency, such pleadings must still place a defendant on notice as to what wrong he has supposedly committed.  *Riley v. Jeffes*, 777 F.2d 143, 148 (3d Cir. 1985) ("[I]f a plaintiff presents only vague and conclusory allegations, the complaint should be dismissed.").  *See also Solis v. Breslin*, 107 Fed.Appx. 262, 264 (2d Cir. 2004)(quoting *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 514 (2002)(affirming the District Court's dismissal of a *pro se* inmate's complaint because he had "not alleged the occurrence of any specific acts" which gave the defendants "fair notice" of what his claim was and "the grounds upon which they rest.").  "Plaintiffs suing governmental officials in their individual capacities, . . . must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). "This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Id.*

There are several bases supporting Defendants' argument that no relief can be granted Plaintiffs and that Defendants are entitled to dismissal of this lawsuit. First, Plaintiffs have failed to allege facts that constitute a constitutional violation. Second, Plaintiffs have failed to allege that they have suffered a personal injury in fact, and therefore lack standing to bring a lawsuit. (D.I. 1).

II. **PLAINTIFFS HAVE NO PROTECTED PROPERTY INTEREST IN THE INMATE COMMISSARY TRUST FUND.**

Plaintiffs do not have a constitutionally protected property interest in the prison commissary. Without that protected property interest, there is no violation of the due process clause of the Fourteenth Amendment. The Supreme Court has held that constitutionally protected property interests originate "from an independent source such as state laws." *Board of Regents o State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Various courts have held that inmates have no constitutionally protected property interest in the commissary. Other inmate challenges have been rejected because "an inmate has no constitutionally protected right to purchase food or other items as cheaply as possible through the prison commissary." *Bagwell v. Brewington-Carr,* 2000 WL 1239960, *2- 3 (D.Del.2000). Inmates have been found to have "no protected property interest to purchase commissary items." *Acree v. Peterson,* 2000 WL 1141587, *7 (D.Or.2000). The United States District Court in Illinois found that there is no protected property interest in commissary privileges. *Bennett v. Sheahan,* 1999 WL 967534, *4 (N.D.Ill.1999).

In order to state a Fourteenth Amendment claim for a due process violation the plaintiffs must first establish that the State interfered with a protected property interest. *Roth,* 408 U.S. at, 571. If a constitutionally protected property interest exists, then the court must

evaluate whether the procedure used to deprive a person of that property interest is sufficient. *Kentucky Dep't of Correction v. Thompson*, 490 U.S. 454, 460 (1989).

Plaintiffs cannot claim a due process violation because they have asserted no protected property interest. The claims Plaintiffs make do not state a claim for a constitutional violation. Plaintiffs make a number of wide ranging complaints that center on the commissary. Their allegations include misappropriation of funds, high prices for products, lack of variety in the types of products offered in the commissary, the types of movies shown, and the complaint that there is no inmate committee to decide what products should be offered or movies shown in the prison. Even assuming *arguendo*, that the plaintiffs' claims are true, they do not state a claim for a violation of a constitutionally protected property interest. Without a protected property interest, Plaintiffs are not entitled to due process under the Fourteenth Amendment. Therefore, dismissal of the plaintiffs' claim is appropriate.

### III.  PLAINTIFFS FAIL THE THREE PRONG TEST FOR STANDING TO BRING THIS LAWSUIT IN FEDERAL COURT.

Plaintiffs do not have standing to bring this lawsuit. A three prong test is required to determine if a party has standing. The Supreme Court has held that a plaintiff must: 1) demonstrate that he has suffered a "personal injury" in fact; 2) show that the injury is "fairly traceable to defendant's allegedly unlawful conduct"; and 3) the injury is "likely to be redressed by the requested relief." *DaimlerChrysler Corp. v. Cuno*, 126 S.Ct. 1854, 1861 (2006).

The Supreme Court in *Cuno* explained that a "core component" necessary for those seeking to adjudicate claims in the federal courts is that they actually have a "case or controversy" as required by Article III of the United States Constitution. *Cuno*, 126 S. Ct. at 1861. The Supreme Court in *Cuno* goes on to hold that 'a plaintiff must demonstrate standing separately for each form of relief sought.' *Id* at 1867. (quoting *Friends of the Earth, Inc. v.*

*Laidlaw Environmental*, 528 U.S. 167, 185 (2000)).  In this case, Plaintiffs do not have standing to bring this case into the federal court.  The case or controversy that forms their complaint does not state a claim for a constitutional violation.   Therefore, this case is not properly in the federal court.

  Plaintiffs fail the first prong of the test for standing.  Plaintiffs allege misappropriation of the prison commissary fund.  (*See* Complaint, statement of claim).  However, the allegations never state a claim for an injury in fact, as required by the first prong of the test for standing. Plaintiffs make allegations that purchases were made with the commissary fund that "do not benefit inmates *as a whole*."  (*See* Complaint, Statement of Claim at ¶ 7) (emphasis added). However, the test for standing requires an injury in fact personally suffered by the plaintiff. Plaintiffs have failed to allege that they individually suffered any injury in fact, alleging rather that the purchase made didn't benefit the inmates "as a whole."  Further, Plaintiffs have no constitutional right to have movies in prison, nor do they have a constitutional right to s specific type of floor in the recreational areas.  Therefore, not having certain movies, or a movie committee does not create an injury of constitutional magnitude.  The analysis for standing makes clear that Plaintiffs must allege an injury to each of them personally, and they have failed to do so in their complaint.  Therefore, they have failed to meet the first prong of the test for standing to bring a lawsuit.

  Plaintiffs make what at first reading appear to be specific claims about defendants and what they purportedly did to violate the rights of Plaintiffs.  However, the allegations are not specific, and do not show how the alleged actions by the defendants individually caused Plaintiffs any harm.  Plaintiffs allege that the defendants used money to buy books for the law library, chairs, tables and barber supplies, all of which are used by inmates.  (*See* Statement of

Claim at ¶ 6). Because Plaintiffs have failed to allege how any actions by the defendants caused any any personal injury in fact, they cannot trace any alleged injury to Defendants. Thus Plaintiffs fail the second prong of the test for standing.

The third prong of the test requires that the injury will be redressed by the relief requested by the plaintiff. *Cuno,* 126 S.Ct. at 1861. Plaintiffs must show that they have standing for each of the forms of relief he requested in the complaint. *Id.* at 1867. Plaintiffs demand declaratory judgments, injunctive relief, money damages, and asks the Court to essentially take control of the defendants in order to enforce the other requested forms of relief. (*See* Complaint, Prayer for Relief). Plaintiffs have failed to state how the relief requested will redress the alleged injuries they suffered. For each form of relief sought by Plaintiffs they must demonstrate that each of them has standing to demand the specific relief requested. Because Plaintiffs have failed to state an individual, specific injury in fact, they cannot link their alleged injuries to each form of relief sought in the complaint. Therefore, Plaintiffs fail the third prong of the test for standing, and their lawsuit should be dismissed.

IV. **PLAINTIFFS HAVE FAILED TO DEMONSTRATE ANY ARTICULABLE BASIS FOR THEIR APPARENT ATTEMPT TO BRING THIS SUIT AS A CLASS ACTION.**

Plaintiffs state in the caption and in the Prayer for Relief that this case is a class action. Rule 23 of the Federal Rules of Civil Procedure sets forth the prerequisites to class certification. The plaintiffs have failed to allege that any of these prerequisites are present in this action. Rule 23 sets forth certain requirements and each requirement must be demonstrated in order to obtain class certification. As the movant, it is Plaintiffs' burden to demonstrate that the prerequisites of Rule 23 have been met. Rule 23 (a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so

> numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"[C]ourts have consistently held that a prisoner acting *pro se* is inadequate to represent the interests of his fellow inmate in a class action." *Brathwaite v Taylor*, No. 00-435-GMS, 2001 WL 1117134, at *2 at FN3 (D. Del. September 13, 2001)(*citing Maldonado v. Terhune*, 28 F.Supp.2d 284, 299 (D.N.J.1998); *Caputo v. Fauver,* 888 F.Supp. 168, 170 (D.N.J.1992)). *See also*, *Pusey v. Green*, C.A. No. 02-351-SLR, 2003 WL 105480, at *4 (D. Del. January 7, 2003)(denying a *pro se* inmate's motion for class certification due to inability to "adequately represent the interests of his fellow inmates" and citing *Maldonado*.). Plaintiffs have failed to distinguish this matter from prior rulings of both the District and Circuit court refusing to grant class certification to inmate plaintiffs. Plaintiffs, as *pro se* inmates, are *per se* inadequate to represent the interests of the putative class.

In addition, Plaintiff Wilson who appears to have authored the complaint[2] has failed to provide any supporting affidavit, or any document indicating that the remaining members of the putative class have chosen Plaintiff Wilson or any of the other listed plaintiffs to act as their representative. For all of these reasons, Plaintiff is not qualified to bring a lawsuit or act as a representative for other inmates in the Delaware Department of Correction.

V.   **DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**

The doctrine of qualified immunity protects government officials from civil liability insofar as their conduct "does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity protects officials from the personal cost of litigation and the attendant

---

[2] James Wilson is the person who signed the complaint.

inhibiting effect litigation has on the proper discharge of their official responsibilities. *Lee v. Mihalich*, 847 F.2d 66, 69 (3d Cir. 1988).

The Supreme Court has announced unequivocally that the District Court, at the earliest possible stage of litigation, must consider the defense of qualified immunity under a legal standard separate and apart from its analysis of the underlying claim itself. These two analyses are not susceptible to fusion, and cannot be left for factual resolution by the trier of fact. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The first question before the Court in a qualified immunity analysis is whether, taken in the light most favorable to the party asserting injury, the facts show that the prison officials' conduct violated a constitutional right. *Brosseau v. Haugen, 125 S.Ct. 596, 598 (2004)(citing Saucier v. Katz*, 533 U.S. 194, 201 (2001)). For the reasons set forth above, Plaintiffs have failed to provide any evidentiary support to any of his alleged constitutional violations. In addition, Plaintiffs' claims also suffer from several legal defects as set forth above. Plaintiffs fail to make out a constitutional violation.

The next stage of the qualified immunity analysis requires the Court to ask whether the constitutional right allegedly violated was clearly established. *Saucier*, 533 U.S. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable prison official that his conduct was unlawful in the situation he confronted." *Id* at 202. The "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Court must ask whether a reasonable public official would know his or her *specific conduct* violated clearly established rights. *Grant v. City of Pittsburgh*, 98 F.3d 116, 121 (3d Cir. 1996). "The 'salient question' is whether the state of the law at the time of the

challenged conduct gave defendants 'fair warning' that their action was unconstitutional. *Black Hawk v. Pennsylvania*, 225 F.Supp.2d 465, 480 (M.D. Pa. 2002)(*quoting Hope v. Pelzer*, 536 U.S. 730,741 (2002)(articulating the "clearly established" inquiry to require that an official have 'fair warning' that the alleged activity engaged in was unconstitutional)).

Plaintiffs' claims are based on heretofore unrecognized legal rights based on chimerical guarantee of protection. Nothing in his Complaint or records supports a finding that any of the defendants ever engaged in any conduct which violated Plaintiffs' rights. Additionally, Plaintiffs' vague statements in their complaint fail to allege how any Defendants' *specific conduct* violated any clearly established rights. Assuming *arguendo* Plaintiffs' ability to support any violation of any constitutional right, there is no legal authority which would provide the Defendants with "fair warning" that their alleged activities were unconstitutional. Accordingly, the Defendants are entitled to the defense of qualified immunity and summary judgment in their favor.

## CONCLUSION

For all the reasons stated above, Defendants respectfully request that this Honorable Court enter an order granting Defendants' motion to dismiss.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Lisa Barchi
        Lisa Barchi  #3927
        Deputy Attorney General
        Carvel State Office Building
        820 N.  French Street, 6th floor
        Wilmington, DE 19801
        (302) 577-8400
        lisa.barchi@state.de.us

DATE:  July 31, 2006         Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2006, I electronically filed *Defendants' memorandum of Points and Authorities in Support of their Motion to Dismiss* with the Clerk of Court using CM/ECF. I hereby certify that on July 31, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants: James Wilson, Gilbert Williams, Jerome Green, Jose Serpa, Wiliam Coleman, Marvin Smith, DeShawn Tatman, Jerel Custin, and Fred Newsome.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi, I.D. # 3927
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us