IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     C.A. No. 06-053-KAJ |
| | ) |
| HELEN LOHMAN, SCOTT MORGAN, | ) |
| TOM CARVAN, JAY PLUMMER | ) |
| and JOE FIELDS | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

COME NOW, Defendants, through the undersigned attorney and reply in support of their motion to dismiss, as follows:

1. In their answer, Plaintiffs have failed to establish that they have a valid property interest in the commissary trust fund. Instead, they list items allegedly bought for the commissary with the funds. These items include law library books, barber supplies type writer repairs. (*See* Answer at ¶¶ 2 and 3). Plaintiffs simply state that the items were purchase using funds that were misappropriated. They provide no information or factual predicate for their claims.

2. Plaintiffs refer to case law in their answer in an attempt to support their claim that the purchase of items listed in the above paragraph represents a misappropriation of funds. Plaintiffs' reliance on *Washington v. Reno* is misplaced. (*See* Answer, at ¶ 7). Commissary funds are allowed to be used for the purchase of items that are for the benefit of the prison population as a whole. *Washington v. Reno*, 35 F.3d 1093, 1101 (6th Cir. 1994). In *Washington*,

the Court of Appeals for the Sixth Circuit found that in the federal prison system, the funds in an inmate commissary trust fund are to be used for "the benefit of the inmate body, as a whole, such as amusements, education, library or general welfare work." *Washington,* 35 F.3d at 1101 (citing from Federal Bureau of Prisons Circular 2244, ¶ 41).  The Plaintiffs in *Washington* sought an injunction barring prison officials from using the commissary trust fund to pay for security measures in the prison, a use of the fund which is not allowed.  *Id.* at 1102.  The Court in *Washington* also found that if the overriding purpose of the expenditure was for the benefit of the prison population as a whole, then a trial court may find that "the fact that the expenditure also incidentally serves a security or monitoring purpose function may be irrelevant." *Id.*

In the instant case, Plaintiffs are not arguing that the commissary funds are being used for security or monitoring.  They state only that certain products were purchased which they claim represents a misappropriation of the funds.  The products listed by Plaintffs are for the use of the inmates as a whole.  It is the prisoners who use the law library books, the typewriters, locker boxes and barber supplies.  Plaintiffs also claim that tables and chairs were purchased.  The tables and chairs they complain about in both their complaint and answer are referenced in their exhibit to their complaint as tables and chairs for the medical building. (*See* Answer at ¶ 3, and Complaint Exhibit  "A" at p. 3, Inmate Benefits).  The Commissary Account Statement that Plaintiffs themselves include an exhibit with their complaint defeats their claim.  (*See* Commissary Account, attached to Complaint as Exhibit "A").  It is unknown how or where Plaintiffs came into possession of this information.  Therefore, its authenticity and reliability are in question.  However, assuming *arguendo* that the exhibit is correct, it shows expenditures for inmate amusement, recreation, sports equipment and various other inmate benefits.  (*See*

Plaintiff's Ex. A). It appears that their own exhibit contradicts their claim that the funds are being misappropriated.

   3.  In their answer, Plaintiffs present nothing more than bald allegations in an attempt to overcome the fact that they have not established a valid property interest in the commissary fund. Without that valid property interest, there is no entitlement to due process. *Board of Regents o State Colleges v. Roth*, 408 U.S. 564, 571 (1972). Plaintiffs make the conclusory statement that they have a "state-created property interest in the Education and Recreation fund." (Answer at ¶ 7). However, as Plaintiffs have asserted a "stated created property interest" they have the burden to identify the "state-created property interest" and they have not done so. Further, the prisons referred to in *Washington* are federal prisons, and Sussex Correctional Institution is a state prison. Plaintiffs also refer the "Education and Recreation" fund. This is the first time such a fund has been mentioned. There is no information that such a fund even exists.

   4.  Plaintiffs' bald and conclusory allegations, bereft of even a scintilla of information or evidence in support of their claims are insufficient to state a claim for which relief can be granted. Even under the leniency allowed to *pro se* litigants Plaintiffs still must provide a factual basis for their claim. *Riley v. Jeffes*, 777 F.2d 143, 148 (3d Cir. 1985). Plaintiffs' claim cannot be allowed to stand on a repetition of the same vague, conclusory allegations that were made in the complaint. Plaintiffs had the opportunity to refute the law cited to support Defendants' motion to dismiss, but they chose instead to repeat their allegations, as if saying them often enough will be adequate to state a claim for which relief can be granted. Without showing how Defendants have violated Plaintiffs' constitutional rights, their complaint and answer are insufficient to state a claim for which relief can be granted.

      5.      Plaintiffs' Complaint arguably names Defendants in their official capacities. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." While the Amendment does not facially bar suits against the State by its citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

      The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (*quoting Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984)). The United States Congress can abrogate a state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). No such clear intent can be seen in 42 *U.S.C.* §1983. In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity. The statute facially allows suits only to be brought against "persons." 42 *U.S.C.* §1983. Neither the State of Delaware, nor agencies or officials of the State of Delaware are "persons" as contemplated by 42 *U.S.C.* § 1983.

A suit against state officials in their official capacities is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21 (1991). Under federal law, the Defendants in their official capacities are not "persons" for the purposes of 42 *U.S.C.* § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Consequently, given this categorization, this Court lacks jurisdiction over the Defendants in their official capacities, and Defendants are outside the class of persons subject to liability under 42 *U.S.C.* § 1983. Accordingly, any "official capacity" claims against Defendants should be dismissed based on the Eleventh Amendment to the United States Constitution.

WHEREFORE, for all the reasons state above and in their motion to dismiss, Defendants request that this Honorable Court grant their motion to dismiss.

          **STATE OF DELAWARE**

          **DEPARTMENT OF JUSTICE**

          /s/ Lisa Barchi
          Lisa Barchi  #3927
          Deputy Attorney General
          Carvel State Office Building
          820 N. French Street, 6th floor
          Wilmington, DE 19801
          (302) 577-8400
          lisa.barchi@state.de.us

DATE: August 21, 2006          Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2006, I electronically filed *Defendants' Reply Memorandum of Points and Authorities in Support of their Motion to Dismiss* with the Clerk of Court using CM/ECF. I hereby certify that on August 21, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants: James Wilson, Gilbert Williams, Jerome Green, Jose Serpa, Wiliam Coleman, Marvin Smith, DeShawn Tatman, Jerel Custin, and Fred Newsome.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi, I.D. # 3927
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us