IN THE United States District Court
For THE District of Delaware

James A. Wilson, et, al.  )
    Plaintiffs,            )
                           )
v.                         )    Civil No. 06-53-KAJ
                           )
Helen Lottman, et, al.     )
    Defendants             )



Now come Plaintiff, James A. Wilson, Amending Complaint to Add A claim of Retaliation for exercising First Amendment Rights.

1. Plaintiff have filed several grievances concerning being sold out dated commissary.

2. Plaintiff have filed grievances on Recreational department Requesting better movies, A gym wooden floor to help inmates to prevent from injuring themselves.

3. Plaintiff have filed several civil complaints against the institution, for violation of Plaintiff's, 14 Amendments.

4. Plaintiff was informed by C/o Karl Paoline that the institutions was trying to move him because he write grievances, which is exercising his constitutional

5. Plaintiff has been moved to D.C.C. since filing this civil complaint.

6. Plaintiff was in Merit building work as a tutor in the Educational department, and earning good-time.

7. Since being moved plaintiff is not working or earning good-time.

8. Plaintiff was moved and denied his due process, as plaintiff had no infractions.

9. The institution is now retaliating against plaintiff violating his constitutional right to express his 1st Amendment Right to freedom of Expression.

10. Plaintiff was doing something that he had a constitutional right to do, (file grievances and law suits). The institution actions toward plaintiff was "Adverse Action" for him filing grievances and law suits, This "causal connection" is because plaintiff expressing his first Amendment Right. The institutions adverse action is directly related to plaintiff protected conduct.

11. Plaintiff should not have been classified to D.C.C. for filing law suits or grievances.
   Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000)

12. In the plaintiff for Relief (Plaintiff ask the court for an order restraining defendants to prevent any physical, mental, direct or indirect harassment, treatment or unfair classification, administrative movement, or illegal transfer of plaintiffs as a result of their filing their complaint.

13. Plaintiff should not have been retaliated against for exercising his First Amendment Rights.

Toolasprashad v. Bureau of Prisons et. al. 286 F.3d 576

Mitchell v. Farcass, 112 F.3d 1483

## Conclusion

For all the reasons stated above, Plaintiff respectfully request this Honorable Court to add this First Amendment Right violation to Plaintiff Complaint Civ. No. 06-53-KAJ

Date 8/27/06

James A. Wilson
James A. Wilson
1181 Paddock Rd
D.C.C. Smyrna, De.
19977

I certify that I sent the following Amended complaint to the following entity(s):

Ms. Lisa Barchi
Deputy Attorney General
Department of Justice
820 N. French St.
6th fl.
Wilm, De. 19801

U.S. District Court
KAJ
844 King St, Lockbox 18
Wilm, De. 19801-3570

by placing in the U.S. mail one this 27 day of August 2006

Date 8/27/06

James a. Wilson
1181 D.C.C. Paddock Rd
Smyrna, De. 19977

IM JAMES WILSON
SBI# 163663   UNIT V
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
31 AUG 2006 PM 2 T

U.S.M.S
X-RAY

U.S. District Court
844 King st. Lockbox 18
Wilm DE. 19801-3570