# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. WILSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-053-KAJ |
| | ) | |
| HELEN LOHMAN, SCOTT MORGAN, | ) | |
| TOM CARVAN, JAY PLUMMER | ) | |
| and JOE FIELDS | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESONSE TO PLAINTIFF'S AMENDMENT TO HIS COMPLAINT

## STATEMENT OF FACTS

1.      James Wilson ("Plaintiff" or "Wilson") filed this lawsuit on January 27, 2006 (D.I. 1).   Defendants filed their motion to dismiss and memorandum of points and authorities in support of their motion on July 31, 2006. (D.I. 69 and 70).   On July 18, 2006, Plaintiff filed a motion to amend his complaint to add a claim for retaliation. (D.I. 66).   The motion was subsequently granted by this Court on August 16, 2006 (D.I. 72).   On September 1, 2006, Plaintiff filed his amendment.  (D.I. 75).

2.      As Defendants have already filed a motion to dismiss the original complaint, they incorporate that motion and memorandum  (D.I. 69 and 70), with this response to Plaintiff's amendment, which appears to focus on a claim of retaliation.

## MEMORANDUM OF LAW

**I.      PLAINTIFF CANNOT SHOW A COGNIZIBLE CLAIM FOR RETALIATION BECAUSE HE HAS FAILED TO ALLEGE A CONSTITUTIONAL VIOLATION.**

In his amendment to his complaint, Plaintiff claims he was subjected to retaliation for

filing grievances and lawsuits. Wilson was moved from the Sussex Correctional Institution ("SCI") to the Delaware Correctional Center ("DCC") on June 5, 2006, approximately five months after filing this lawsuit. None of the defendants had any input into the decision about Wilson's transfer. (*See* Affidavit of Pat Ditto, attached as Exhibit "A" at ¶8). "Government actions, which standing alone do not violate the Constitution, may nevertheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Allah v. Seiverling,* 229 F.3d 220, 224-25 (3d Cir. 2000)(citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1999). A prisoner alleging violation of his Constitutional rights due to retaliation against him must show: (1) "the conduct which led to the alleged retaliation was constitutionally protected"; (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) "a causal link between the exercise of his constitutional rights and the adverse action." *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001)(citations omitted).

Wilson claims that the constitutionally protected conduct consists of filing lawsuits and grievances, and that the move from one institution to another is the retaliatory result of filing the suits. However, Plaintiff fails to show how the move from SCI to DCC is an adverse action, or that it is connected to filing the lawsuits or grievances. Many inmates are moved from one institution to another regardless of whether they have filed lawsuits or grievances. Further, Wilson has no constitutional right to a particular housing situation or a job. Wilson's transfer to DCC enables him to complete a substance abuse program and take advantage of other educational opportunities. (*See* Affidavit of Ron Hosterman, attached as Exhibit "B").

## II.    PLAINTIFF HAS NO LIBERTY INTEREST IN HIS SECURITY CLASSIFICATION, EMPLOYMENT OR HOUSING LOCATION AND THEREFORE HIS AMENDED CLAIM MUST FAIL.

### A.    Plaintiff has no liberty interest in a particular housing unit.

Plaintiff's claims in this amendment to his complaint are almost identical to his claims of retaliation in a concurrent lawsuit in the United States District Court, number 05-399-JJF. Wilson claims that he was removed from the Merit housing unit in retaliation for filing this lawsuit. In order to legally state a cause of action, Plaintiff must demonstrate a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995). "It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

> *Hewitt* makes clear that the Fourteenth Amendment Due Process Clause does not by force of its own words create a liberty interest in a prison inmate "being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.

*Leyton v. Beyer*, 953 F.2d 839, 845 (3d Cir. 1992). In relation to an incarcerated individual's liberty interests, the Supreme Court has held that such liberty interests are limited to "freedom from restraint" which imposes an "**atypical and significant hardship**" in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (emphasis added).

> [T]he baseline for determining what is "atypical and significant" is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.

*Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997). There are two factors the Court must consider in determining whether an inmate has suffered an "atypical and significant hardship". The Court must consider: 1) the amount of time the prisoner was placed into disciplinary segregation; and 2) whether the conditions of his confinement in disciplinary segregation were

significantly more restrictive that those imposed on other inmates in solitary confinement. *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000). "*Sandin* instructs that **placement in administrative confinement will generally not create a liberty interest**." *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000)(emphasis added). "The decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 26 (2002)(*citing Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

Wilson alleges that he was moved from the Merit building without being given a reason. The privations described by Plaintiff in his motion to amend his complaint are not the type that pose an "atypical and significant hardship." *Sandin* , 515 U.S. at 483-84.  Wilson's claims do not add up to a the "atypical and significant hardship" discussed in *Sandin.*  In Wilson's situation he claims that his transfer  to the Delaware Correctional Center ("DCC"), is in retaliation for filing grievances and filing a lawsuit.

Plaintiff has no liberty interest in remaining in any particular housing unit or institution. Although the Court in *Shoats* addressed administrative segregation, the same principle applies to Plaintiff's situation.  Placement in administrative confinement does not invoke a liberty interest, nor does movement to another housing unit or institution. The prison is not required by the constitution to tell Plaintiff why he was moved.  As the Third Circuit Court of Appeals in *Leyton* held, there is no liberty interest in being placed in a particular housing unit. *Leyton* 953 F.2d at 845.  Nor, as the Supreme Court held in *Hewitt*, is there a constitutional violation created because Plaintiff was moved to a more restrictive, environment with fewer amenities for apparently non-punitive reasons. *Hewitt*, 459 U.S. at 468.  Plaintiff was transferred to DCC so that he could take part in the Greentree treatment program. (Ex.A).  When he was moved from the Merit building, Wilson was offered the opportunity to attend the Greentree program at DCC

or  work in the kitchen at the Sussex Correctional Center ("SCI").  Wilson refused to choose, so
the treatment administrator made the choice.  (Ex. A at ¶ 6).

Wilson was transferred to DCC and subsequently enrolled in the Greentree program and
a computer course.   (Ex. B).  He will receive good time credits for the computer course.
Therefore, Wilson is not being denied the opportunity to obtain good time credits.  Although the
Greentree program is not required as part of his sentence, the Superior Court has made
completion of a substance abuse program part of his sentence.  (Ex. B at ¶ 4 and Superior Court
Sentencing Order at p. 11, attached as Exhibit "C").

**B.     Plaintiff has no liberty interesting maintaining employment in prison.**

Wilson claims that he was removed from his job as an education assistant when he was
moved from the Merit building.  Wilson does not have the right to maintain a particular job.
*Abdul-Akbar v. Dep't of Correction*, 910 F. Supp. 986 (D. Del. 1995)(inmates have no
"legitimate entitlement" to employment or rehabilitation).   Because Plaintiff has no right to a
particular job, or any job, the fact that he lost his job does not state a claim for a constitutional
violation.

**C.     Plaintiff does not have a constitutional right to a prison grievance process**.

Plaintiff claims that he has suffered retaliation because he wrote grievances.  Plaintiff
says only "the institution was trying to move him because he write [sic] grievances which is
exercising his constitutional rights."  (D.I. 75 at ¶ 4).  Yet  Plaintiff fails to show that there is a
causal connection between writing grievances and the alleged retaliation.[1]

---

[1] Plaintiff does not have a protected constitutional right to a prison grievance procedure.  *Burnside v. Moser*, 138 Fed. Appx. 414, 416 (3rd Cir. 2005)(*citing* finding in *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991, that there is no liberty interest in having access to a grievance procedure in prisons).

**III.    PLAINTIFF FAILS TO ESTABLISH THE CAUSAL CONNECTION REQUIRED TO SUPPORT A CLAIM OF RETALIATION.**

Wilson does engage in the constitutionally protected activity of filing lawsuits. However, the move from SCI to DCC is for the purpose of allowing Wilson to attend a substance abuse treatment program which is required as part of his sentence. He also continues to accrue good time credits while enrolled in the computer course. Therefore, Wilson has not suffered an adverse action. Finally, he does nothing to establish the causal connection between filing the lawsuits and being moved. Simply announcing that he has suffered retaliation is not enough. Plaintiff has the burden show how the protected activity caused and adverse action. Plaintiff has not established that connection, and thus the retaliation claim should be dismissed with the rest of the lawsuit for failure to state a claim.

## CONCLUSION

For the reasons stated above and in Defendants' memorandum of points and authorities in support of their motion to dismiss, already filed with this Court, Defendants request that this Court enter an order granting Defendants' motion to dismiss for failure to state a claim.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Deputy Attorney General
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

Date: September 14, 2006                    Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2006, I electronically filed *Defendants' Reply Memorandum of Points and Authorities in Support of their Motion to Dismiss* with the Clerk of Court using CM/ECF.  I hereby certify that on September14, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants: James Wilson, Gilbert Williams, Jerome Green, Jose Serpa, Wiliam Coleman, Marvin Smith, DeShawn Tatman, Jerel Custin, and Fred Newsome.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi, I.D. # 3927
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  C.A. No. 06-053-KAJ |
| | ) |
| HELEN LOHMAN, SCOTT MORGAN, | ) |
| TOM CARVAN, JAY PLUMMER | ) |
| and JOE FIELDS | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF PATRICIA S. DITTO

I, Patricia S. Ditto, having been duly sworn according to the law, do hereby depose and state the following:

1. I am employed by the State of Delaware, Department of Correction at the Sussex Correctional Center ("SCI"), in Georgetown, Delaware as a Treatment Administrator. I have been employed by the Department of Correction for 23 ½ years. My duties include supervision of counseling staff, classification staff, recreation staff, law library staff and administrative specialists. I have held this position since January 1, 2000.

2. In response to a request from the State of Delaware Department of Justice, I have been asked to provide information regarding my professional knowledge of James Wilson's transfer to the Delaware Correctional Center ("DCC").

3. James Wilson is classified as a medium security inmate. The Merit Building houses both medium and minimum security inmates.

4. James Wilson was moved from the Merit building at SCI to the medium security building.

5.    At the time of his transfer he had to leave his job as an educational assistant as he was no longer housed in the Merit building.

6.    Inmate Wilson was offered the opportunity to either work in the kitchen at SCI or transfer to the Greentree program at the DCC. Inmate Wilson refused to choose. It was decided for him that he would be transferred to the Greentree program at DCC.

7.    Inmate Wilson was transferred on June 5, 2006.

8.    None of the defendants in this case have input into the classification or transfer decisions regarding inmate Wilson.

9.    I have made these statements based upon my professional knowledge, specialized training, and experience as an employee of the Department of Correction.

Patricia S. Ditto

SWORN TO AND SUBSCRIBED BEFORE ME THIS 6th DAY OF April, 2006.

NOTARY

DONNA FUHRMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires September 4, 2007

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, et al.,          )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )     C.A. No. 06-053-KAJ
                                   )
HELEN LOHMAN, SCOTT MORGAN,        )
TOM CARVAN, JAY PLUMMER            )
and JOE FIELDS                     )
                                   )
          Defendants.              )

## AFFIDAVIT OF RON HOSTERMAN

I, Ron Hosterman, having been duly sworn according to the law, do hereby depose and state the following:

1.    I am employed by the State of Delaware, Department of Correction at the Delaware Correctional Center ("DCC") in Smyrna, Delaware as Treatment Administrator. I have been employed by the Department of Correction for over 30 years. My duties include supervising and directing counseling, classification and chaplaincy staff as well as serving as and on call administrator on a rotating basis.    I have held this position since 1992.

2.    In response to a request from the State of Delaware Department of Justice, I have been asked to review the records regarding James Wilson and his enrollment in programs at DCC.

3.    James Wilson is enrolled in a computer class in the education department, and has the ability to earn good time credits in that program.

4.    James Wilson has a history of drug trafficking offenses. Enrollment in the Greentree program, while not required as part of his sentence, will be valuable to him. There is

language in his sentence stating that inmate Wilson is to take part in a drug and alcohol treatment program. (*See* attached copy of sentencing order).

5.      Inmate Wilson has been enrolled in the Greentree program for several months.

6.      I have made these statements based upon my personal knowledge, specialized training, and experience as an employee of the Department of Correction.

Ron Hosterman

SWORN TO AND SUBSCRIBED BEFORE ME THIS _14_ DAY OF _Sep_, 2006.

NOTARY

```
Position cursor or enter screen value to select
GC377A                   ***** Court Case Management *****
Sep  7,06                    - Document Browse -                      10:40 AM

                            Document Text
--------------------------------------------------------------------------

            IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
                   IN AND FOR NEW CASTLE COUNTY


STATE OF DELAWARE

       VS.

JAMES A WILSON

Alias: See attached list of alias names.

DOB: 10/26/1964
SBI: 00163663

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                     bkwrd frwrd PRINT      PURGE main
```

*p. 1*

```
Position cursor or enter screen value to select
GC377A                ***** Court Case Management *****
Sep  7,06                 - Document Browse -                      10:41 AM

                          Document Text
--------------------------------------------------------------------------


CASE NUMBER:                  CRIMINAL ACTION NUMBER:
9912006359                      IN00-01-0067
                                TRF.COC.5-50G(F)
                                IN00-01-0069
                                MAINT DWELLING(F)
                                IN00-01-0068
                                PWITD NSII CS(F)
                                IN00-01-0071
                                POSS,USE MARIJ.(M)
                                IN00-01-0070
                                POSS DRUG PARAP(M)



Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                         bkwrd frwrd PRINT      PURGE main
```

P. 2

```
Position cursor or enter screen value to select
GC377A                ***** Court Case Management *****
Sep  7,06                 - Document Browse -                      10:41 AM

                          Document Text
---------------------------------------------------------------------------

                          SENTENCE ORDER

 NOW THIS  7TH DAY OF SEPTEMBER, 2001, IT IS THE ORDER OF
THE COURT THAT:


The defendant is adjudged guilty of the offense(s) charged.
The defendant is to pay the costs of prosecution and all
statutory surcharges.


  AS TO IN00-01-0067 : TIS
  TRF.COC.5-50G

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
     help  retrn                      bkwrd frwrd PRINT        PURGE main
```

P. 3

```
Position cursor or enter screen value to select
GC377A                 ***** Court Case Management *****
Sep  7,06                  - Document Browse -                        10:41 AM

                            Document Text
---------------------------------------------------------------------------


 The defendant is to pay a fine in the amount of $50000.00
of which $49000.00  is suspended (see attachment).

 Effective September  7, 2001  the defendant is sentenced
 as follows:

 The defendant is placed in the custody of the Department
of Correction for 10 year(s) at supervision level 5 with
credit for time served


 The first 3 years   of this sentence is a mandatory term
of incarceration pursant to DE164753AA2AFB .

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                         bkwrd frwrd PRINT      PURGE main
```

P. 4

```
Position cursor or enter screen value to select
GC377A                ***** Court Case Management *****
Sep  7,06                  - Document Browse -                      10:41 AM

                          Document Text
-------------------------------------------------------------------------


 STATE OF DELAWARE
      VS.
JAMES A WILSON
DOB: 10/26/1964
SBI: 00163663

  AS TO IN00-01-0069 : TIS
  MAINT DWELLING

 The defendant is placed in the custody of the Department
of Correction for 3 year(s) at supervision level 5


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
     help  retrn                      bkwrd frwrd PRINT         PURGE main
```

P. 5

```
Position cursor or enter screen value to select
GC377A                ***** Court Case Management *****
Sep  7,06                  - Document Browse -                    10:41 AM

                            Document Text
---------------------------------------------------------------------------


 - Suspended for 3 year(s)  at supervision  level 4
 HALFWAY HOUSE


 - Suspended after serving 6 month(s)  at supervision level
4  HALFWAY HOUSE


 - For 2 year(s) 6 month(s)  supervision level 3


 - Suspended after serving 1 year(s)  at supervision level 3


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                        bkwrd frwrd PRINT        PURGE main
```

P. 6

```
Position cursor or enter screen value to select
GC377A                    ***** Court Case Management *****
Sep  7,06                     - Document Browse -                    10:41 AM

                            Document Text
-----------------------------------------------------------------------------


 - For 1 year(s) 6 month(s)  supervision level 2


 Probation is consecutive to criminal action number 00010067



  AS TO IN00-01-0068 : TIS
  PWITD NSII CS


  AS TO IN00-01-0071 : TIS
  POSS,USE MARIJ.

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                         bkwrd frwrd PRINT       PURGE main
```

```
Position cursor or enter screen value to select
GC377A                 ***** Court Case Management *****
Sep  7,06                   - Document Browse -                      10:41 AM

                              Document Text
----------------------------------------------------------------------------


 The defendant is placed in the custody of the Department
of Correction for 1 year(s) at supervision level 5


 - Suspended for 1 year(s)  at supervision  level 2


 Probation is consecutive to criminal action number 00010069



  AS TO IN00-01-0070 : TIS
  POSS DRUG PARAP

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                        bkwrd frwrd PRINT       PURGE main
```

P. 8

```
Position cursor or enter screen value to select
GC377A                  ***** Court Case Management *****
Sep  7,06                    - Document Browse -                    10:41 AM

                          Document Text
----------------------------------------------------------------------------


 The defendant is placed in the custody of the Department

 STATE OF DELAWARE
       VS.
JAMES A WILSON
DOB: 10/26/1964
SBI: 00163663

of Correction for 1 year(s) at supervision level 5


 - Suspended for 1 year(s)  at supervision  level 2


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help   retrn                            bkwrd frwrd PRINT      PURGE main
```

*p. 9*

```
Position cursor or enter screen value to select
GC377A                    ***** Court Case Management *****
Sep  7,06                     - Document Browse -                    10:41 AM

                              Document Text
-----------------------------------------------------------------------------


  Probation is consecutive to criminal action number 00010071



                    SPECIAL CONDITIONS BY ORDER

 STATE OF DELAWARE
      VS.
JAMES A WILSON
DOB: 10/26/1964
SBI: 00163663
                         CASE NUMBER:
                         9912006359

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
       help  retrn                          bkwrd frwrd PRINT      PURGE main
```

P. 10

```
Position cursor or enter screen value to select
GC377A                ***** Court Case Management *****
Sep  7,06                  - Document Browse -                    10:41 AM

                            Document Text
-------------------------------------------------------------------------



Pay financial obligations during the probationary period.

Zero tolerance  Probation

Be evaluated for substance abuse and follow any
recommendations for counseling, testing or treatment deemed
 appropriate.


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                          bkwrd frwrd PRINT        PURGE main
```

*p. 11*

```
Position cursor or enter screen value to select
GC377A                    ***** Court Case Management *****
Sep  7,06                   - Document Browse -                    10:41 AM

                            Document Text
------------------------------------------------------------------------

Defendant shall receive mental health evaluation and comply
with all recommendations for counseling and treatment
deemed appropriate.


Be assigned to the residential drug/alcohol program until
such program is completed.


                            NOTES
This sentence is consecutive to the sentence now being
served.

Be assigned to outpatient drug/alcoohol program until

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                        bkwrd frwrd PRINT        PURGE main
```

*P. 12*

```
Position cursor or enter screen value to select
GC377A                  ***** Court Case Management *****
Sep  7,06                    - Document Browse -                    10:42 AM

                            Document Text
---------------------------------------------------------------------------

completed.

Criminal Action # IN00-01-0068 POSSESSION OF A NARCOTIC
SCHEDULE II CONTROLLED SUBSTANCE (COCAINE) is merged with
IN00-01-0067 TRAFFICKING IN COCAINE.




                        JUDGE RICHARD R COOCH


                    FINANCIAL SUMMARY

  STATE OF DELAWARE

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                        bkwrd frwrd PRINT      PURGE main
```

P. 13

```
Position cursor or enter screen value to select
GC377A                ***** Court Case Management *****
Sep  7,06                - Document Browse -                        10:42 AM

                           Document Text
----------------------------------------------------------------------------

      VS.
JAMES A WILSON
DOB: 10/26/1964
SBI: 00163663
                       CASE NUMBER:
                        9912006359


SENTENCE CONTINUED:

TOTAL DRUG DIVERSION FEE ORDERED


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                     bkwrd frwrd PRINT      PURGE main
```

P. 14

```
Position cursor or enter screen value to select
GC377A                  ***** Court Case Management *****
Sep  7,06                    - Document Browse -                    10:42 AM

                            Document Text
---------------------------------------------------------------------------

TOTAL CIVIL PENALTY ORDERED

TOTAL DRUG REHAB. TREAT. ED. ORDERED        7500.00

TOTAL EXTRADITION ORDERED

TOTAL FINE AMOUNT ORDERED                   1000.00

FORENSIC FINE ORDERED

RESTITUTION ORDERED

SHERIFF, NCCO ORDERED                         30.00


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
     help  retrn                      bkwrd frwrd PRINT       PURGE main
```

*p. 15*

```
Position cursor or enter screen value to select
GC377A                    ***** Court Case Management *****
Sep  7,06                    - Document Browse -                    10:42 AM

                          Document Text
------------------------------------------------------------------------

SHERIFF, KENT ORDERED

SHERIFF, SUSSEX ORDERED

PUBLIC DEF, FEE ORDERED

PROSECUTION FEE ORDERED                    80.00

VICTIM'S COM ORDERED                     9000.00

VIDEOPHONE FEE ORDERED                      5.00



Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                         bkwrd frwrd PRINT       PURGE main
```

*P. 16*

```
Position cursor or enter screen value to select
GC377A                    ***** Court Case Management *****
Sep  7,06                    - Document Browse -                        10:42 AM

                             Document Text
-------------------------------------------------------------------------

TOTAL                                    17,615.00




                         SURCHARGES

 STATE OF DELAWARE
       VS.
JAMES A WILSON
DOB: 10/26/1964
SBI: 00163663
                         CASE NUMBER:
                         9912006359

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
       help  retrn                        bkwrd frwrd PRINT      PURGE main
```

P. 17

```
 CRIM ACTION #      DESCRIPTION              AMOUNT
IN00-01-0067    DRTE                 7500.00
IN00-01-0067    VCF                  9000.00

                 LIST OF ALIAS NAMES

 STATE OF DELAWARE
      VS.
JAMES A WILSON
DOB: 10/26/1964
SBI: 00163663

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                        bkwrd frwrd PRINT        PURGE main
```

*P. 18*

```
Position cursor or enter screen value to select
GC377A                 ***** Court Case Management *****
Sep  7,06                   - Document Browse -                    10:42 AM


                          Document Text
-----------------------------------------------------------------------

                      CASE NUMBER:
                       9912006359


JAMES A WILSON
JAMES A WILSON
JAMES A WILSON
JAMES A WILSON
JAMES A WILSON
JAMES A WILSON
JAMES A WILSON
JAMES A WILSON
JAMES A WILSON
JAMES A WILSON

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn                        bkwrd frwrd PRINT      PURGE main
```

*P. 19*