IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 06-053-*** |
| | ) |
| HELEN LOHMAN[1], SCOTT MORGAN[2], | ) |
| TOM CARVAN, JAY PLUMMER | ) |
| and JOE FIELDS | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO STAY DISCOVERY

COME NOW, defendants Helen Lowman, Howard Morgan, Tom Carven, Jay Plummer, and Joseph Fields ("Defendants"), by and through undersigned counsel, and hereby respectfully request that this Court stay discovery in this matter. In support of their motion, Defendants allege as follows:

1. Numerous *pro se* plaintiffs commenced this action on January 27, 2006 claiming that Defendants have misappropriated inmate commissary funds. Over the course of the lawsuit, numerous plaintiffs have withdrawn from the suit or have been dismissed by the Court after failing to respond to the Court's Rule to Show Cause Order requesting that they contact the Court. (D.I. 57, 64). Nine plaintiffs remain.

2. Plaintiffs filed a motion for temporary restraining order on February 17, 2006. The Court issued two Orders on March 17, 2006 allowing service to proceed and denying Plaintiffs motion for temporary restraining order. (D.I. 24, 25).

---

[1] Correct spelling is Helen Lowman.
[2] No such person exists at SCI, there is, however, a Howard S. Morgan.

3. In its denial of the motion for temporary restraining order, the Court held that "the problem with plaintiffs' pending motion is that they have not demonstrated a likelihood of success on the merits." (D.I. 25 at 2). "Protected property interests stem from an independent source such as state laws or understandings that secure certain benefits and that support claims of entitlement to those benefits. (citation omitted). Here, the plaintiffs have not provided anything to the Court to support the proposition that they have a valid property interest in the prison commissary trust fund." (D.I. 25 at 3).

4. On July 31, 2006, Defendants filed a Motion to Dismiss based on that very argument, that is that the plaintiffs do not have a property interest in the commissary fund and thus have no valid constitutional claim. (D.I. 69, 70). On or about July 18, 2006, Plaintiff Wilson filed a Motion to Amend which was allowed by the Court on August 16, 2006. (D.I. 72). On September 14, 2006, Defendants filed a response to Plaintiff Wilson's amendment to the Complaint requesting that it also be dismissed for failure to state a claim. (D.I. 76). On November 22, 2006, the Court issued an Order holding that the Motion to Dismiss shall be treated as a Motion for Summary Judgment and allowing supplemental evidence until December 8, 2006. (D.I. 79).

5. On December 15, 2006, the case was transferred to Magistrate Judge Mary Pat Thynge following the elevation of Judge Jordan to the Third Circuit and pending appointment of a new judge to fill the vacancy. (D.I. 81).

6. Plaintiffs have recently filed several discovery requests, including two Requests for Production of Documents (D.I. 86, 90), Requests for Admissions (D.I. 89) and a Motion for Leave to Depose all Defendants. (D.I. 91). Defendants have attached

D.I. 90 as a hard copy does not appear to have been filed with the Court. *See* Exhibit "A".

7. Plaintiffs' lack of good faith is demonstrated in the requests. The discovery requests are extensive and seek information as far back as 1995. Many of the requests are completely irrelevant to the Plaintiffs' allegations and seek disclosure of information that inmates are not generally entitled to for security and privacy reasons. For example, in one request, plaintiffs have the gall to ask where the keys to the inmate commissary account are located. *See* Exhibit "A" at #13.

8. The purpose of Rule 12 motion practice is to promote judicial economy by testing the legal sufficiency of a claim prior to a Defendant formally answering. Plaintiff unreasonably demands that Defendants engage in extensive discovery before the Court has determined their claims have merit and before Defendants have even answered the Complaint.

9. Counsel appreciates the special circumstances created by the vacancy of Judge Jordan and, under these circumstances, would not generally be opposed to pursuing discovery despite the pending motion to dismiss. The nature of this case and the nature of the discovery requests, however, create a particularly heavy burden on Defendants. As discussed above, the discovery requests are not at all reasonable and, with multiple plaintiffs, have the potential to become even more burdensome. Further, counsel has extensively researched the issue and feels very strongly that there is no constitutional claim here and that the litigation is without merit.

10. Additionally, while this case is purportedly filed by multiple plaintiffs, all filings are done only by plaintiff Wilson, often stating "plaintiffs" but always only signed

by plaintiff Wilson.  (*See* D.I.  6, 32, 71, 85, 91). [3]  The case has not been certified as a class action and Plaintiff Wilson has not been named as a representative of a class of plaintiffs, nor does counsel believe he would qualify as such.

10.    Defendants respectfully request that discovery in this matter be stayed until such time as the case is reassigned to the judge who fills the vacancy left by Judge Jordan, or in the alternative, until such time as a decision is rendered on the Motion to Dismiss/Summary Judgment.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Stacey Xarhoulakos
        Stacey Xarhoulakos, 4667
        Deputy Attorney General
        820 North French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8400
        stacey.xarhoulakos@state.de.us

Dated: April 24, 2007        *Attorney for Defendants*

---

[3] With the exception of the original Complaint which included an attached sheet of signatures.  Counsel also does not include filings that would only be relevant to Wilson and thus appropriately only signed by Wilson.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )    C.A. No. 06-053-*** |
| | ) |
| HELEN LOHMAN, SCOTT MORGAN, | ) |
| TOM CARVAN, JAY PLUMMER | ) |
| and JOE FIELDS | ) |
| | ) |
|     Defendants. | ) |

**7.1.1 CERTIFICATE OF COUNSEL**

Undersigned counsel hereby certifies, pursuant to Local Rule 7.1.1, that:

1.    Plaintiffs James Wilson, Gilbert Williams, Jerome Green, Jose Serpa, William Coleman, Jerel Custis, Fred Newsome, Deshawn Tatman, and Marvin Smith are currently incarcerated and it is not practical for undersigned counsel to communicate with them concerning Defendants' Motion to Stay Discovery.

2.    Therefore, undersigned counsel assumes that the Motion is opposed.

                                                    STATE OF DELAWARE
                                                    DEPARTMENT OF JUSTICE

                                                    /s/ Stacey Xarhoulakos_____
                                                    Stacey Xarhoulakos, 4667
                                                    Deputy Attorney General
                                                    820 North French Street, 6th Floor
                                                    Wilmington, DE 19801
                                                    (302) 577-8400
                                                    stacey.xarhoulakos@state.de.us
Dated: April 24, 2007                                *Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 06-053-*** |
| | ) |
| HELEN LOHMAN, SCOTT MORGAN, | ) |
| TOM CARVAN, JAY PLUMMER | ) |
| and JOE FIELDS | ) |
| | ) |
| Defendants. | ) |

## ORDER

This _____ day of _____, 2007,

**WHEREAS,** Defendants having moved to stay discovery; and

**WHEREAS,** there being good cause shown for the granting of such motion;

**IT IS HEREBY ORDERED**, that Defendants' Motion to Stay Discovery shall be granted and Discovery in this matter shall be stayed until such time as a decision is rendered on Defendants' Motion to Dismiss.

_____
Magistrate Judge Mary Pat Thynge

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2007, I electronically filed *Defendants' Motion to Stay Discovery* with the Clerk of Court using CM/ECF.  I hereby certify that on April 24, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants: James Wilson, Gilbert Williams, Jerome Green, Jose Serpa, William Coleman, Marvin Smith, DeShawn Tatman, Jerel Custis, and Fred Newsome.

/s/ Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, )
)
       Plaintiff, )
)
vs. ) C. a. No. 06-53-***
)
HELEN LOHMAN, et al. )
)
       Defendants. )

### REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure, plaintiff submit the following request for documents to defendants. You are directed to produce each of requested documents for inspection and copying, within 30 days of service.

1. Copy contract between Keefee Company and Sussex Correctional Institution or Department of Corrections.

2. Copy notice to bid for commissary products, from 2000 to December 2005.

3. Copy of commissary account audits from January 1995 to December 2005.

4. Total revenues generated from inmate commissary account from January 1995 to December 2005.

5. Administrative regulations governing use of expenditures from inmate commissary account.

6. Administrative regulations governing items too be purchased from inmate commissary account funds.

7. Procedure for auditing inmate commissary account.

8. Name(s) of parites of administrative personal in charge of commissary at Sussex Correctional Institution.

9. Total expenditures from inmate commissary account, too cover cost of repair for television tower. The aforemention from 1995 to December 2005.

10. Total wages paid inmate commissary workers, from January 1995 to December 2005.

11. Provide listing of items permitted to be paid from commissary account, which non-commissary related.

12. Inventory procedure utilized for inmate commissary.

13. Describe were keys to inmate commissary kept in merit building and by whom.

14. The procedure utilized for hiring inmate commissary workers.

_____
JAMES A. WILSON
1181 Paddock Road - DCC
Smyrna, DE 19977

DATE: April 5, 2007

CERTIFICATE OF SERVICE

I HEREBY CERTIFY copy of aforemention was furnished Storey Xarhoulakos, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 N. French Street, Wilm, DE 19801. This 28th day of March 2007, with sufficient postage affixed thereto.

U.S. District Court
844 N. King St.
Lockbox 18
Wilm, DE. 19801-3570

_____
JAMES A. WILSON