IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : C. A. No. 06-53-*** |
| | : |
| HELEN LOHMAN, SCOTT MORGAN, | : |
| TOM CARVAN, JAY PLUMMER, and | : |
| JOE FIELDS, | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington, Delaware, this **17th** day of **July, 2007**.

The instant matter is a prisoner action. Plaintiffs, who proceed *pro se*, are inmates at the Sussex Correctional Institute ("SCI"), in Georgetown, Delaware except for James Wilson ("Wilson"), who apparently is incarcerated at Delaware Correctional Center in Smyrna, Delaware. *See* Wilson's motion for appointment of counsel D.I. 86 at ¶ 5. In their complaint (D.I. 1), plaintiffs allege that defendants are misappropriating the inmates' commissary trust fund, and as a result, plaintiffs are being deprived of their property right in the funds without due process of law, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution. For example, plaintiffs allege that defendants give away commissary products, make wrongful charges and expenditures to the inmate commissary account, and refuse to buy items for the inmates using the commissary account funds. They allege that there is no commissary committee to express their concerns, and that commissary prices are rising. Plaintiffs seek declaratory and injunctive relief, as well as, compensatory damages.

There were twenty-four, or more, plaintiffs originally in this action. That number is now significantly reduced.[1] The only plaintiff who has actively pursued the instant action is Wilson, by filing motions and more recently, discovery requests.[2] Presently under consideration is Wilson's motion for appointment of counsel (D.I. 86), filed on March 2, 2007, his motion to depose defendants (D.I. 91), filed on April 12, 2007 and defendants' motion to stay discovery (D.I. 24), filed on April 24, 2007.

**Procedural Background**

The court has previously decided a number of matters, the most significant is the denial of Wilson's motion for a temporary restraining order in which it was determined that plaintiffs failed to demonstrate a likelihood of success on the merits. D.I. 25 at 2. The court also concluded that plaintiffs failed to show the required irreparable harm. D.I. 25 at 3.

In addition, on September 14, 2006, defendants filed a motion to dismiss plaintiffs' retaliation claim for failure to state a claim. D.I. 76. Wilson responded to that motion on September 29, 2006. D.I. 77. Because both sides submitted evidence beyond the pleadings in support of their positions, the court determined to treat the motion as one for summary judgment under Federal Rules of Civil Procedure 56, rather than under Rule 12 as a motion dismiss. In its Order of November 22, 2006, the court

---

[1] In their motion to stay, defendants claim that the number of remaining plaintiffs is nine. The court has not taken the time to confirm that number, and will accept defendants' representation. It is clear, however, that a number of plaintiffs have voluntarily withdrawn from the suit since its filing.

[2] None of the remaining plaintiffs have filed anything, nor taken any steps to pursue their claims, except filing the necessary documents as ordered by the court to join in this action.

specifically required the parties to notify the court on or before December 8, 2006 whether either side wished to submit additional evidence to supplement its fillings. No such request or notice was provided by any party.

**No Class Action Representative**

In all motions filed by Wilson, including those under consideration, he assumes and proceeds as though he is the class representative and this matter is a class action proceeding. No motion for certification of the class or other like request has been presented to the court. His present motions under consideration are premised on the mistaken and incorrect belief that he may represent the other remaining plaintiffs. Wilson, as a non-lawyer, cannot represent the other plaintiffs in the instant action. In the seminal case of *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975), the court declared it to be "plain error" to permit an inmate proceeding *pro se* to represent fellow inmates in a class action:

> This rule is an outgrowth not only of the belief that a layman, untutored in the law cannot "adequately represent" the interests of the members of the "class," but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class.

*Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983) (*citing, Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1090 (3d Cir. 1985), *cert. denied*, 429 U.S. 830 (1976)). Therefore, under sound law, Wilson cannot serve as the representative of the class. As a result, a premise upon which he basis his motions is incorrect, and the court views the motions to depose and for appointment of counsel as being solely filed by Wilson and not the other plaintiffs.

**Motion to Depose D.I. 91: Motion to Stay Discovery D.I. 92**

Shortly after Wilson moved to depose defendants, defendants moved to stay discovery. Prior to filing the motion to depose, Wilson alone filed several discovery requests including two requests for production (D.I. 86, 90) and requests for admissions (D.I. 89) in mid-to-late March 2007, over three months after additional information in opposition to defendants' motion for summary judgment was due. When Wilson filed his opposition to defendant's motion to dismiss/summary judgment, absent any request to supplement, he essentially implied to the court that he had sufficient information to proceed. *See* FRCP 56(f). When the court converted defendant's Rule 12(b) motion to a Rule 56 motion, it specifically directed the parties to advise by December 8, 2007 whether additional information was needed or would be filed. Wilson filed nothing within the time allotted by the court and failed to do so for more than ninety days thereafter. At that time, Wilson filed motions for discovery and not any supplement to his opposition to defendants' motion. Some of the discovery filed by Wilson seeks information for more than ten years prior to the filing of the action and outside the limitations period. Other discovery is irrelevant to the claims. Therefore, defendants' motion to stay discovery (D.I. 92) is GRANTED, and Wilson's motion to depose (D.I. 91) is DENIED. As a result, until defendants' motion to dismiss/summary judgment is decided, no further discovery will occur in this matter. Depending on the decision, the court may re-address discovery and enter a scheduling order.

**Motion for Appointment of Counsel D.I. 86**

Wilson alone moves for appointment of counsel (D.I. 86) on the bases that he cannot afford counsel; he has limited access to the law library; he is located at DCC while the other plaintiffs are located at SCI; and, the case will required discovery of

4

documents and depositions of a number of witnesses.

A plaintiff does not have an automatic constitutional or statutory right to representation in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d. Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-7 (3d Cir. 1997). The non-exhaustive factors for the court to consider whether to appoint counsel are: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether testimony of expert witnesses will be necessary; and (6) whether the plaintiff can obtain and afford counsel on his behalf. *Tabron,* 6 F.3d at 156-7; *Parham,* 126 F.3d at 457-8.

After reviewing Wilson's motion and the documents filed in the instant proceeding, counsel should not be appointed at this time. Although Wilson claims that incarceration limits his access to the prison law library, or he may not have the amount of access he desires, he does, in fact, have access to that library. The fact that Wilson and the other plaintiffs may be in different facilities is irrelevant, in light of the court's finding herein that Wilson cannot serve as class representative or represent the other plaintiffs. Wilson has shown that he is capable of articulating his position and arguments as evidenced by the responses he has filed to defendants' motions and the handling of his case. His claims appear to be fairly straightforward and capable of resolution on the record and Wilson appears to have a sufficient understanding of the issues to coherently present his case. *Parham,* 128 F.3d at 460 (citations omitted). At present, the matter is awaiting decision on defendants' motion to dismiss/summary

5

judgment. Therefore, for now, it does not appear that expert testimony will be necessary or that the ultimate resolution of the matter will depend primarily upon credibility determinations. As a result, Wilson's motion for appointment of counsel (D.I. 86) is DENIED with leave to renew.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE