IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, et al.,          :
                                  :
          Plaintiffs,             :
                                  :
     v.                           :  Civ. Action No. 06-053-JJF
                                  :
HELEN LOHMAN, et al.,             :
                                  :
          Defendants.             :

---

James A. Wilson, Pro se Plaintiff, James T. Vaughn Correctional Center, Smyrna, Delaware.

Lisa Ann Barchi, Esquire, Deputy Attorney General, Delaware Department of Justice.  Attorney for Defendants.

---

## MEMORANDUM OPINION

September 19, 2008
Wilmington, Delaware

*Joseph J. Farnan Jr.*

**Farnan, District Judge**

Presently before the Court is Defendants' Motion To Dismiss and supporting Memorandum and Plaintiff James A. Wilson's ("Plaintiff")[1] Response thereto.  (D.I. 69, 70, 71.)  Also before the Court is Defendants' Response to Plaintiff's Amendment that incorporates Defendants' previously filed Motion To Dismiss. (D.I. 76.)  The Response contains supporting affidavits and, therefore, an Order was entered giving the parties notice that it was converting the Response to a Motion For Summary Judgment as it submitted evidence beyond the pleadings.  (D.I. 79.)  The parties were given additional time to submit additional evidence, but nothing further was provided by the parties.  For the reasons set forth below, the Court will grant in part and deny in part Defendants' Motion To Dismiss (D.I. 69), will deny Defendants' Motion For Summary Judgment (D.I. 76), and will give Plaintiffs leave to amend the complaint.

## I.  BACKGROUND

At the time Plaintiffs filed their Complaint they all were housed at the Sussex Correctional Institution ("SCI"),

---

[1]James A. Wilson is the only Plaintiff who has actively pursued this litigation.  He is not a lawyer and may not represent the other eight Plaintiffs, none of whom have taken any action in this case other than to sign the original Complaint. The Court recently issued a Show Cause Order why the uninvolved eight Plaintiffs should not be dismissed from the case.

Georgetown, Delaware. Plaintiff has since been transferred to the James T. Vaughn Correctional Center ("JVCC"), formerly the Delaware Correctional Center ("DCC"), Smyrna, Delaware. Plaintiffs allege that Defendants are misappropriating the inmates' commissary trust fund and, as a result, they are being deprived of their property rights in the funds without due process of law in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution. For example, Plaintiffs allege that Defendants give away commissary products, make wrongful charges and expenditures to the inmate commissary account, and refuse to buy items for the inmates using the commissary account funds. They allege that Defendants make expenditures of prison commissary proceeds for items that do not benefit the inmates as a whole. They also allege that there is no commissary committee to express their concerns, and that commissary prices are rising. On August 18, 2006, the Court granted Plaintiff's Motion To Amend the Complaint to add a retaliation count for the exercise of his First Amendment Rights. (D.I. 72.) The Amendment was filed on September 1, 2006. (D.I. 75.)

## II.  DISCUSSION

### A.  Motion to Dismiss

#### 1.  Standard of Law

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.  <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007); <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Bell Atl. Corp. v. Twombly</u>, -U.S.-, 127 S.Ct. 1955, 1964 (2007).  A complaint does not need detailed factual allegations, although, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id</u>. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)."  <u>Id</u>.  (citations omitted).  Because

-3-

Plaintiffs proceed pro se, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

Defendants move for dismissal on the grounds that the Complaint fails to state a claim upon which relief may be granted because Plaintiffs (1) have no protected property interest in the inmate commissary trust fund, (2) fail the three-prong test for standing, and (3) fail to demonstrate any articulable basis for their attempt to proceed as a class action. Defendants also contend that they are entitled to qualified immunity.

### 2. **Property Interest**

Defendants argue that Plaintiffs do not have a constitutionally protected property interest in the prison commissary trust fund and, therefore, there is no violation of their right to due process pursuant to the Fourteenth Amendment. (D.I. 70.) Plaintiff responds that because Plaintiffs are the beneficiaries of interest earned from the prison trust account, they have a property interest and constitutional protection under the Fifth and Fourteenth Amendments. (D.I. 71.) Plaintiff also argues that inmates have a state created property interest in the education and recreation fund.

-4-

The United States Constitution does not create a protected interest in property but, rather, protected property interests "stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). "Inmates have a property interest in funds held in prison accounts." Reynolds v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997) (citations omitted). Therefore, inmates are entitled to due process with respect to any deprivation of that money. Id. (citations omitted). Apparently interest accrues on prison trust accounts, and taking the interest from an inmate's account can be considered a violation of the Takings Clause. See Schneider v. California Dep't of Corr., 151 F.3d 1194, 1201 (9th Cir. 1998); but see Washlefske v. Winston, 234 F.3d 179, 196 (4th Cir. 2000) (a prisoner has no property interest in interest income on his inmate account); Hatfield v. Scott, 306 F.3d 223 (5th Cir. 2002).

The Court has reviewed several Delaware statutes and found no law demonstrating a property interest in the inmate commissary trust fund. The Court, however, is aware that the Delaware Department of Correction ("DOC") has promulgated its own administrative procedures and policies which are unavailable to the public. Liberally construing the Complaint as the Court must, and keeping in mind the broad scope of authority that

-5-

prison authorities have over inmates, it is not impossible to assume that prison authorities control the inmate commissary trust fund which could be considered a form of taking. Moreover, without the ability to review DOC policies, the Court cannot rule out the possibility that they may create a property interest in the inmate commissary trust fund.

For the foregoing reasons, the Court will deny Defendants' Motion To Dismiss on the basis that Plaintiffs do not have a protected property interest in the inmate commissary trust fund.

### 3. Standing

Defendants also seek dismissal on the grounds that Plaintiffs do not have standing to bring this suit. "The 'core component'" of the requirement that a litigant have standing to invoke the authority of a federal court "is an essential and unchanging part of the case-or-controversy requirement of Article III." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006) (citations omitted). Standing contains three elements: injury in fact, causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The party invoking federal jurisdiction bears the burden of proving standing. Id. at 561. Defendants argue that Plaintiffs fail each prong of the test for standing.

The first prong of standing requires an injury in fact. Plaintiffs must show that they "personally ha[ve] suffered some

-6-

actual or threatened injury as a result of the putatively illegal conduct of [] Defendant [and] [t]he injury must be concrete and capable of being redressed by the court should [] Plaintiff[s] prevail on the merits.'" Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188-89 (3d Cir. 2006) (quoting Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537-38 (3d Cir. 1994)).

The allegations fail to show an injury in fact. More particularly, Plaintiffs allege the fund is used to show old and repeated movies, the fund is not used to purchase a wood floor for the gymnasium, there is no commissary inmate committee, items are purchased with inmate commissary funds that do not benefit inmates as a whole, commissary products are given to the recreational staff, and the commissary sells outdated products. Indeed, Plaintiffs allege injury to "inmates as a whole" - not to each Plaintiff individually.

Although unlikely, it is not entirely impossible that Plaintiffs have a generalized interest in vindicating their rights. Nonetheless, Plaintiffs have attacked Defendants' alleged actions without specifying each Plaintiff's personal injury, something the standing doctrine is intended to prevent. Accordingly, Defendants' Motion To Dismiss will be granted on this ground, and the Complaint will be dismissed with leave to amend to remedy the deficiency.

### 4. Class Action

In its prayer for relief, the Complaint requests issuance of an Order certifying the action to proceed as a class pursuant to Fed. R. Civ. P. 23. Defendants argue that the matter may not proceed as a class action.

Plaintiff is the only individual actively engaged in this litigation and he is no longer housed at the SCI. A class action can only be maintained if the class representative "will fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). "When confronting such a request from a prisoner, courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'" Carter v. Taylor, 540 F. Supp. 2d 522, 527 (D. Del. 2008). Maldonado v. Terhune, 28 F. Supp. 2d 284, 299 (D.N.J. 1998) (citing Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992)). Accordingly, Plaintiffs may not maintain this suit as a class action.

### 5. Qualified Immunity

Defendants move for dismissal on the basis of qualified immunity. Plaintiffs will be given leave to amend the complaint to correct pleading deficiencies. Thus, granting dismissal on the basis of qualified immunity is premature at this stage of the litigation. Accordingly, the Court will deny without prejudice

the Motion To Dismiss on the basis of qualified immunity.

### B. Motion For Summary Judgment

#### 1. Standard of Review

The Court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik

v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting
Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If the
nonmoving party fails to make a sufficient showing on an
essential element of its case with respect to which it has the
burden of proof, the moving party is entitled to judgment as a
matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322
(1986). To survive a motion for summary judgment, Plaintiff
cannot rely merely on the unsupported allegations of the
Complaint, and must present more than the "mere existence of a
scintilla of evidence" in his favor. Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 252 (1986).

## 2. **Retaliation**

Plaintiff amended the Complaint and added a retaliation
claim. He alleges that he filed several grievances related to
the claims in the Complaint and, as a result, he was informed by
a correction officer that the institution "was trying to move
[him]." In fact, he was transferred out of the Merit Building
and then to a different correction facility. Plaintiff alleges
that since his move, he no longer works or earns good time
credits. Plaintiff claims the actions were retaliation for the
exercise of his First Amendment rights.

Defendants argue that Plaintiff fails to show that the
transfer to a different correction facility is connected to the

-10-

filing of lawsuits or grievances and that he has no constitutional right to a particular housing situation or job. They further argue that the transfer enabled Plaintiff to complete a substance abuse program and take advantage of other educational opportunities.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. See Crawford-El v. Britton, 523 U.S. 574, 592 (1998); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires that Plaintiff demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); see also Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). "[O]nce a prisoner demonstrates that his exercise of

-11-

a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

In the retaliation context the Third Circuit has stated that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d. 220, 224-25 (3d. Cir. 2000). See Jefferson v. Wolfe, Civ. No. 04-44 ERIE, 2006 WL 1947721 (W.D. Pa. July 11, 2006)(inmate who alleged his right to free speech was violated when he was fired from prison job for writing poems regarding injustice in the courts and later issued allegedly false misconduct reports, survived Rule 12(b)(6) motion to dismiss). See also Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977) (in the non-prisoner context, non-tenured teacher could sue for retaliation alleging he was fired for exercising his free speech).

The Complaint was filed in January 2006. At that time, Plaintiff was housed at the SCI in the Merit Building. (D.I. 76, Ditto aff.) Plaintiff was moved from the SCI Merit Building to a

-12-

Medium Security Building. (Id.) Because he was moved from the
Merit Building, Plaintiff was required to leave his job as an
education assistant. (Id.) Plaintiff was given a choice to work
in the SCI kitchen or to transfer to the Greentree Program at the
DCC, but he refused to choose. (Id.)

Service packets were sent to the U.S. Marshal on May 30,
2006. Many Defendants signed their waiver of service on June 2,
2006, and Plaintiff was transferred to the DCC Greentree program
a few days later, on June 5, 2006. (D.I. 45, 46, 47, 48, 49.)

It is undisputed that Plaintiff engaged in protected
activity by filing this lawsuit and grievances[2] and he was
subjected to adverse actions by a state actor when he was moved
from the Merit Building and ultimately transferred to the DCC.
What is unknown is whether the protected activity was a
substantial motivating factor in the decision to take adverse
action.

As Plaintiff correctly notes, the affidavits submitted by
Defendants do not explain why he was removed from the Merit

_____

[2]Defendants argue that Plaintiff does not have a
constitutional right to a prison grievance process. While this
statement is correct, Plaintiff has a constitutional right to
seek redress of grievances as part of his right of access to
courts. See Booth v. King, 346 F. Supp. 2d 751,761(E.D. Pa.
2004). They also argue that he has no liberty interest in his
security classification, employment, or housing location, but
this has no bearing if Defendants' alleged actions were to punish
Plaintiff for exercising his constitutional rights.

-13-

Building at SCI. The Court takes note of the short time between the time Defendants received notice of the Complaint via service until the time that Plaintiff was transferred to DCC; a scant three days. This short time raises an issue of fact as to whether a sufficient causal nexus exists between Plaintiff's constitutionally protected activity and the adverse action. Pressley v. Johnson, 268 Fed. Appx. 181, 184 (3d Cir. 2008) (citing Black v. Lane, 22 F.3d 1395, 1407 (7th Cir. 1994) (for an inference of retaliation to be plausible, there must not be a significant gap in time between the exercise of protected activity and the purported act of retaliation).

It was the removal of Plaintiff from the SCI Merit Building to the Medium Security Building that ultimately caused Plaintiff's transfer to the DCC. While Defendants explain that Plaintiff refused to choose between working in the SCI kitchen or transfer to the DCC, they provide no reason for Plaintiff's initial removal from the Merit Building to the Medium Security Building. The timing of the events suggests the act was in retaliation for Plaintiff exercising his First Amendment rights. As discussed, Defendants gave no explanation for the initial move and, therefore, have failed to prove that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. For the

-14-

above reasons, the Court will deny the Motion For Summary
Judgment on the issue of retaliation.

## III. CONCLUSION

The Court will grant in part and deny in part Defendants'
Motions To Dismiss. (D.I. 69.) The Court will deny Defendants'
Motion For Summary Judgment. (D.I. 76.) The Court will give
Plaintiffs leave to amend their Complaint consistent with this
Memorandum Opinion. An appropriate Order will be entered.