IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
JAMES A. WILSON,                   :
                                   :
          Plaintiff,               :
                                   :
     v.                            :    Civil Action No. 06-053-JJF
                                   :
HELEN LOWMAN, HOWARD SCOTT         :
MORGAN, TOM CARVAN, JAY            :
PLUMMER and JOE FIELDS,            :
                                   :
          Defendants.              :
```

James A. Wilson, James T. Vaughn Correctional Center, Smyrna,
Delaware.

Pro Se Plaintiff.

Stacey X. Stewart, Esquire, Deputy Attorney General, Delaware
Department of Justice.

Attorney for Defendants.

**MEMORANDUM OPINION**

December  4 , 2009
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is Defendants' Motion For Summary Judgment. (D.I. 118) For the reasons discussed, the Court will grant the Motion.

## I.    BACKGROUND

At the time Plaintiff filed his Complaint he was housed at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware. Plaintiff has since been transferred to the James T. Vaughn Correctional Center ("JVCC"), formerly the Delaware Correctional Center ("DCC"), Smyrna, Delaware. Plaintiff alleges that Defendants are misappropriating the inmates' commissary trust fund and, as a result, he is being deprived of his property rights in the funds without due process of law in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution. For example, Plaintiff alleges that Defendants give away commissary products, make wrongful charges and expenditures to the inmate commissary account, and refuse to buy items for the inmates using the commissary account funds. He alleges that Defendants make expenditures of prison commissary proceeds for items that do not benefit the inmates as a whole. He also alleges that there is no commissary committee to express their concerns, and that commissary prices are rising. On August 18, 2006, the Court granted Plaintiff's Motion To Amend the Complaint to add a retaliation count for the exercise of his First

Amendment Rights. (D.I. 72.) The Amendment was filed on September 1, 2006. (D.I. 75.) Defendants moved for dismissal and summary judgment of the retaliation count on September 14, 2006. (D.I. 76.) On September 19, 2008, the Court denied Defendants' Motion explaining that Defendants did not introduce evidence as to why Plaintiff was transferred from SCI. (D.I. 95 at 13-14.) Subsequently, and after discovery, Defendants renewed their Motion For Summary Judgment. (D.I. 118.) Although the Court ordered Plaintiff's response, he failed to respond to the Motion. (D.I. 121.)

On September 19, 2008, the Court also granted Defendant's Motion To Dismiss the claims surrounding the prison commissary trust fund, but gave Plaintiff leave to amend to correct pleading deficiencies with regard to standing. (D.I. 95, 96.) The Amended Complaint was filed on October 20, 2008. Defendants have not answered or otherwise filed a responsive pleading. Instead, they footnote that the "Amended Complaint has not yet been reviewed by the Court." (D.I. 119 n.6.)

## II. DISCUSSION

### A. Motion For Summary Judgment

#### 1. Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995).

However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Id. at 151 (internal citations omitted).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts . . . . In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)(internal citations omitted). However, the

3

mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Id. Finally, the Court will not grant the entry of summary judgment without considering the merits of Defendants' unopposed motion. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (holding that a district court should not have granted summary judgment solely on the basis that a motion for summary judgment was not opposed.").

### 2. Retaliation

Defendants' Motion For Summary Judgment addresses Plaintiff's retaliation claim. Within his Complaint, Plaintiff alleges that he filed several grievances related to the claims in the Complaint and, as a result, he was informed by a correction officer that the institution "was trying to move [him]." In fact, he was transferred out of the Merit Building at SCI and then to a different correction facility. Plaintiff alleges that since his move, he no longer works or earns good time credits. Plaintiff claims the actions were retaliation for the exercise of his First Amendment rights. This Complaint already withstood

Defendants' previous Motion For Summary Judgment (See D.I. at 10-
14.)  In ruling on that Motion, the Court found Defendants lacked
evidence to prove that Plaintiff was transferred out of the Merit
Building for legitimate penological reasons.  (D.I. 95 at 13-14.)

        "Retaliation for the exercise of constitutionally protected
rights is itself a violation of rights secured by the
Constitution actionable under § 1983."  White v. Napoleon, 897
F.2d 103, 111-12 (3d Cir. 1990).  It has long been established
that the First Amendment bars retaliation for protected speech.
See Crawford-El v. Britton, 523 U.S. 574, 592 (1998); Milhouse v.
Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).  Proof of a
retaliation claim requires that Plaintiff demonstrate (1) he
engaged in protected activity; (2) he was subjected to adverse
actions by a state actor; and (3) the protected activity was a
substantial motivating factor in the state actor's decision to
take adverse action.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.
2001) (quoting Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274,
287 (1977); see also Allah v. Seiverling, 229 F.3d 220 (3d Cir.
2000) (a fact finder could conclude that retaliatory placement in
administrative confinement would "deter a person of ordinary
firmness from exercising his First Amendment rights" (citations
omitted)).  "[O]nce a prisoner demonstrates that his exercise of
a constitutional right was a substantial or motivating factor in
the challenged decision, the prison officials may still prevail

5

by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

In the retaliation context, the Third Circuit has stated that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d. at 224-25.

Given this standard, and consistent with their initial burden on summary judgment, Defendants have set forth evidence indicating that Plaintiff cannot support the first and third prongs of a prima facie case of penal retaliation. For instance, with respect to whether Plaintiff's conduct that led to the alleged retaliation was constitutional, Defendants contend that Plaintiff was moved not for filing complaints or submitting grievances, but because he was under institutional investigation. (D.I. 119, Ex. A at ¶ 3; id., Ex. C at ¶ 1; id., Ex. D at ¶¶ 3-7.) While under such investigation, inmates are aware that it is standard practice to be relocated out of the Merit Building. (See id., Ex. E at 44:18-20.) Moreover, Defendants support this contention with Plaintiff's own deposition testimony stating his own belief that he was moved from the Merit Building "because of

6

the investigation." (Id. at 49:22-24, 52:20-24, 53:1-11.)
Therefore, Defendants contend that the reason for Plaintiff's
relocation was due to a pending investigation and that such
relocation is not a protected constitutional right. Plaintiff's
eventual relocation to DCC was a result of his failure to choose
between the Greentree program at DCC and a new position at SCI in
the kitchen. Because of his indecision, the Multi-Disciplinary
Team and Warden Rick Kearney choose to relocate Plaintiff to the
Greentree program at DCC. Plaintiff was unhappy with this
decision, however, but Defendants contend that his
reclassification was a result of the investigation and that
Plaintiff's "unhappiness with a particular classification does
not establish a constitutional violation." (D.I. 119 at 13.)

As to the third prong of the retaliation claim, Defendants
contend that Plaintiff cannot establish a causal link between his
transfer and the filing of his grievances or this Complaint.
Specifically, Defendants contend that Plaintiff's
reclassification process began as early as May, 18, 2006 and
ended on May 30, 2006, a period was prior to the service packets
being sent on May 31, 2006 and Defendants' waiver of service on
June 2, 2006. (D.I. 45, 46, 47, 48, 49.) As such, Defendants
argue that the investigation and reclassification of Plaintiff
was on-going prior to Defendants' knowledge of this suit.
Therefore, because such investigations involved a relocation of

inmates, Defendants argue that Plaintiff's relocation was due to
this investigation and accordingly, could not have been due his
filing of the Complaint. Thus, there is no causal connection
between Defendants and Plaintiff's transfer. Given the above, in
the Court's view, there is evidence indicating that Plaintiff's
relocation was for legitimate penological reasons.

Because Defendant has met its initial burden on summary
judgment, the burden shifts to Plaintiff to establish sufficient
evidence from which a jury could find in his favor. However, in
this case, Plaintiff cannot meet his burden because he did not
respond to the Summary Judgment Motion. Plaintiff may not rest
upon the mere allegations of his Complaint, but must set forth
specific facts, by means of affidavits or other evidence, to
illustrate that there is a genuine issue for trial. Fed. R. Civ.
P. 56(e); Celotex, 477 U.S. at 322.

Plaintiff produces no evidence to show that the reason for
his relocation was retaliatory. In fact, Plaintiff's deposition
testimony suggests that he knew he was moved from the Merit
Building because of a pending investigation. (D.I. 119, Ex. E at
53:1-11.) Furthermore, Plaintiff has failed to offer support
that his relocation was connected to this Complaint or filed
grievances. Such failure to provide affirmative evidence of a
causal connection is fatal to a retaliation claim. See Brooks v.
DiGuglielmo, Civ. No. 05-4588, 2008 WL 5187529, at *13 (E.D. Pa.

8

Dec. 9, 2008) ("A plaintiff must come forward with more than general attacks upon the defendants' motivations and must produce affirmative evidence of retaliation from which a jury could find that the plaintiff had carried his burden of proving the requisite motive.") (citations omitted)). On the other hand, after discovery, Defendants have put forth evidence explaining the reasons for Plaintiff's relocation and, in turn, Plaintiff has not put forth evidence to create a genuine issue of material fact. Specifically, Defendants provided evidence that regardless of Plaintiff's filings, he would still have been relocated due to the results of the investigation and Plaintiff provides no evidence to refute these facts. Because Plaintiff has failed to offer any support for his retaliation claim, the Court must accept the facts as alleged by Defendants and supported by their evidence, and conclude that Defendants relocated Plaintiff for penological reasons. Accordingly, the Court will grant Defendants' Motion with respect to Plaintiff's retaliation claim.[1]

## B.   Amended Complaint

The Court has reviewed the Amended Complaint and finds that Plaintiff corrected the pleading deficiencies with regard to

---

[1]It also appears that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e, and that he is collaterally estopped from pursuing this claim.  See Wilson v. Taylor, Civ. No. 05-399-JJF, D.I. 196 (Oct. 17, 2007).

standing.  The Court identifies what, at this time, appear to be
cognizable constitutional violations within the meaning of 28
U.S.C. § 1915A(b).  The Court will order Defendants to file a
responsive pleading within twenty (20) days from the date of this
Memorandum Opinion and Order.

### C.  Class Action

On September 19, 2008, the Court dismissed the prayer for
relief that the case proceed as a class pursuant to Fed. R. Civ.
P. 23 on the grounds that Plaintiff, as an incarcerated
individual, is inadequate to represent the interests of his
fellow inmates in a class action.  Recently, the United States
Court of Appeals for the Third Circuit found it premature for the
District Court to conclude that a plaintiff inmate's
representation of a class is inadequate when there had been no
ruling on whether to appoint counsel.  See Hagan v. Rogers, 570
F.3d 146, 159 (3d Cir. 2009).  Accordingly, the Court vacates
that portion of the September 19, 2008 Memorandum Opinion and
Order dismissing the prayer for relief that the case proceed as a
class.  The Court will consider the issue of class certification
upon the filing of a proper motion.

### III. CONCLUSION

For the reasons discussed, the Court will grant Defendants'
Motion For Summary Judgment (D.I. 118), will allow Plaintiff to
proceed on the Amended Complaint (D.I. 116), and will vacate that

10

portion of the September 19, 2008 Memorandum Opinion and Order dismissing the prayer for relief to proceed as a class (D.I. 95, 96.)

An appropriate Order will be entered.