IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 06-053-LPS |
| HELEN LOHMAN, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is a Request for Counsel and Motion for Class Certification filed by Plaintiff James A. Wilson ("Wilson"). (D.I. 126, 127) For the reasons given below, the Court will deny Wilson's Motions.

### I. BACKGROUND

When Wilson filed his original Complaint, it named twenty-five Plaintiffs. Wilson is the only remaining Plaintiff, as the other Plaintiffs have been dismissed without prejudice for failing to take action in the case, failing to provide changes of address, or having moved for voluntary dismissal.

Wilson alleges that Defendants are misappropriating the inmates' commissary trust fund and, as a result, he is being deprived of his property rights in the funds without due process of law, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution. Upon initial screening of the case, the Court dismissed the class action claims asserted by Plaintiffs. Later, the Court determined that its ruling was premature based upon a subsequent Third Circuit

1

decision in *Hagan v. Rogers*, 570 F.3d, 146, 159 (3d Cir. 2009), holding it is premature for a Court to deny an inmate plaintiff's request for class certification before determining whether appointment of counsel is warranted.

## II. REQUEST FOR COUNSEL

Wilson requests counsel on the grounds that he is unable to afford counsel, the issues are complex and will require significant research and investigation, he has limited access to the law library and limited knowledge of the law, a trial will involve conflicting testimony, and counsel would better enable plaintiff present evidence and cross-examine witnesses. (D.I. 127) Defendants oppose the motion on the basis that Wilson does not meet the factors necessary to appoint him counsel.

A plaintiff in a civil suit does not have a constitutional or statutory right to an attorney. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *see also Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) – now § 1915(e)(1) – authorizes federal court to "request," but not require, unwilling attorney to represent indigent civil litigant). However, a district court may seek to obtain legal representation for an unrepresented plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154; *see also Mallard*, 490 U.S. at 296.

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to

present his or her case, considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Wilson's motion, the Court concludes that the case is not so factually or legally complex that requesting an attorney to represent Wilson is warranted. Wilson's filings in this case demonstrate his ability to articulate his claims and represent himself. In addition, he is a frequent litigator and has much experience in this Court. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's Request for Counsel. (D.I. 127)

### III.  CLASS CERTIFICATION

Wilson moves for class certification on the grounds that the class is so large that it would not be practical for everyone to file a suit; there are questions of law common to the class (i.e., can the institution use inmate funds to purchase items for the law library when inmates do not go to the law library?; can the institution use inmate funds without an inmate committee board?); and the class claims constitutional violations under the Fifth and Fourteenth Amendments of the United States Constitution. (D.I. 126) Defendants oppose the motion on the grounds that it is predicated upon a baseless allegation.

A party seeking class certification bears the burden of proving that the proposed class action satisfies the requirements of Federal Rule of Civil Procedure 23. *See Johnston v. HBO*

*Film Mgmt., Inc.*, 265 F.3d 178, 183-84 (3d Cir. 2001). Rule 23(a) of the Federal Rules of Civil Procedure provides that members of a class may only sue on behalf of a class if: (1) the class is so numerous that joinder is impractical; (2) there are common questions of law or fact; (3) the claims of the representative parties are typical of the class; and (4) "the representative parties will fairly and adequately protect the interests of the class." A class may only be certified if all four elements of Rule 23(a) are met. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 n.6 (3d Cir. 2008).

"Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 168. 182 (3d Cir. 2001); Fed. R. Civ. P. 23(a)(1). "No single magic number exists satisfying the numerosity requirement," but the United States Court of Appeals for the Third Circuit generally has approved classes of forty or more. *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001); *Moskowitz v. Lopp*, 128 F.R.D. 624, 628 (E.D. Pa. 1989). Here, the original complaint contained twenty-five Plaintiffs, yet twenty-four have now opted not to proceed with this case or have been dismissed. (D.I. 64, 117) Given this fact, it is questionable whether other inmates are likely to join as class members. In addition, Wilson provides no information on the potential class members, other than to state "the class is so large" it would not be practical for everyone to file a suit. The amended complaint makes no reference to the number of putative class members. Based upon the foregoing, the Court finds that Wilson has failed to satisfy the numerosity requirement.

With regard to typicality and commonality, Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the

4

class members, only that the harm complained of be common to the class, and that the named plaintiff demonstrate a personal interest or "threat of injury . . . [that] is 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). Given the allegations, it appears that incarcerated individuals may share at least one claim and utilize the same theory.

As to the fourth prong, the court notes that Wilson is an incarcerated individuals and he appears *pro se*. "[P]*ro se* litigants are generally not appropriate as class representatives." *Hagan*, 570 F.3d at 159. Wilson may not represent other plaintiffs or proceed as the class representative and, as discussed above, the Court denied Wilson's request for counsel. Inasmuch as Wilson proceeds pro se, the Court finds that class certification is inappropriate. *See id.* (noting it was inappropriate for district court to deny class certification on basis of inadequate representation without first deciding plaintiff's motion to appoint counsel).

For the above reasons, the court finds that the requirements of Fed. R. Civ. Rule 23 have not been and, therefore, denies class certification.

### IV. MOTION FOR SUMMARY JUDGMENT

On July 6, 2010, Defendants filed a Motion for Summary Judgment. Wilson's Answering Brief to this motion was due on July 23, 2010. (D.I. 134) Wilson has not yet responded to the motion. On September 24, 2010, the Court issued an Order directing Wilson to file an answering brief by October 11, 2010. (D.I. 136) If Wilson does not do so, the Court will decide the motion on the papers submitted.

## IV. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Request for Counsel (D.I. 127) is **DENIED** without prejudice to renew.

2. Plaintiff's Motion to Certify Class (D.I. 126) is **DENIED**.

Dated: September 30, 2010

UNITED STATES DISTRICT JUDGE

6