IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. WILSON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 06-053-LPS |
| HELEN LOHMAN, et al., | : | |
| Defendants. | : | |

James A. Wilson, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Stacey X. Stewart, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 29, 2011
Wilmington, Delaware

**Stark, District Judge:**

## I. INTRODUCTION

Plaintiff, James A. Wilson ("Wilson"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] He appears *pro se* and has paid the filing fee. (D.I. 1) Pending before the Court is Defendants' Motion for Summary Judgment. (D.I. 134) For the reasons that follow, the Court will grant the motion.

## II. BACKGROUND

At the time the Wilson filed the complaint he was housed at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. He alleges that SCI employees Defendants Helen Lowman ("Lowman"), Scott Morgan ("Morgan"), Tom Carvan ("Carvan"), Jay Plummer ("Plummer"), and Joe Fields ("Fields") ("Defendants") were misappropriating inmate commissary funds. (D.I. 1) The complaint was amended on October 20, 2008 ("Second Amended Complaint") to correct pleading deficiencies and the court identified cognizable commissary account claims. (D.I. 116) All other claims raised have been disposed of and the commissary account claims are the only ones that remain. (D.I. 124)

Defendants filed their Motion for Summary Judgment on July 6, 2010. (D.I. 134) Defendants move for summary judgment on the grounds that Wilson failed to exhaust his administrative remedies, he cannot prove a violation of his constitutional rights, and Defendants are entitled to qualified immunity. (D.I. 135) Wilson did not respond to the motion and, on September 24, 2010, the Court directed Wilson to respond to the motion by October 11, 2010.

---

[1] Several other inmates were also named plaintiffs, but they have since been dismissed. Wilson is the sole remaining plaintiff.

1

Wilson was advised that if he did not file a response, the Court would decide the motion on the papers submitted. (D.I. 137) Wilson did not file a response.

## III. <u>LEGAL STANDARDS</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 415 U.S. 574, 586 n.10 (1986). A party asserting that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 415 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586-87; *see also Podohnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005)

2

(stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 411 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 411 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

Wilson did not respond to the Motion for Summary Judgment. Nonetheless, the Court will not grant the entry of summary judgment without considering the merits of Defendants' unopposed Motion. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that "district court should not have granted summary judgment solely on basis that a motion for summary judgment was not opposed").

IV. **DISCUSSION**

Defendants argue that Wilson failed to exhaust his administrative remedies as is required under 42 U.S.C. § 1997e(a) and, therefore, the Second Amended Complaint must be dismissed. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

3

available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Defendants have the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. *See Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion; that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

"[P]rison grievance procedures supply the yardstick for determining what steps are required for exhaustion." *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007). A prisoner must complete the administrative review process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. *Id.*; *Spruill v. Gillis*, 372 F.3d 218, 228, 231 (3d Cir. 2004). Perfect overlap between the grievance and a amended complaint is not required by the PLRA as long as there is a shared factual basis between the two. *See Woodford*, 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"). A futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *See Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000). The exhaustion requirement is absolute, absent circumstances where no

4

administrative remedy is available. *See Spruill*, 372 F.3d at 227-28; *Nyhuis*, 204 F.3d at 67. A grievance procedure is not available, even if one exists on paper, if the defendant prison officials somehow prevent a prisoner from using it. *See Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003). If prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. *Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002).

In the Second Amended Complaint, Wilson states that there is not a prisoner grievance procedure available to him, and the reason he did not fully exhaust the available administrative remedies regarding his claims was because they are "not grievable." (D.I. 116, ¶¶ II A-C) The original Complaint, however, states that there is an available prisoner grievance procedure. (D.I. 1, ¶ II A) Indeed, Delaware Department of Correction ("DOC") administrative procedures provide for a multi-tiered grievance and appeal process. (D.I. 135, ex. 4 DOC Policy 4.4 (revised May 15, 1998)) First, the prisoner must file a grievance within seven days with the Inmate Grievance Chair for an attempt at informal resolution; second, if unresolved, the grievance is forwarded to the Grievance Resolution Committee for a determination, which is forwarded in turn to the Warden; and, third, the Bureau Grievance Officer conducts the final level of review. *Id.*

Claire Robinson ("Robinson"), a DOC paralegal, conducted a search of grievance records for Wilson regarding his allegations of misuse of commissary funds by Defendants. (D.I. 135, ex. 3) The search covered records from December 1, 2003 to December 28, 2009. (*Id.*) During this time, Wilson filed one hundred and fifteen grievances, but none of the grievances raised

allegations of misuse of inmate commissary funds as asserted against Defendants. (*Id.* at ¶ 4) Wilson has not refuted Robinson's statements.

A review of the record reveals that Wilson has failed to demonstrate that he has exhausted his claims. Nothing indicates that Wilson filed any grievances regarding the alleged actions of Defendants during the relevant time period. Wilson's failure to properly exhaust is fatal to his claims. "[I]t is beyond the power of this court . . . to excuse compliance with the exhaustion requirement." *Nyhuis*, 204 F.3d at 73. Accordingly, the Court will grant Defendants' Motion for Summary Judgment on the basis of failure to exhaust administrative remedies.[2]

## V. <u>CONCLUSION</u>

For the above stated reasons the court will grant Defendants' Motion for Summary Judgment. An appropriate Order follows.

---

[2] Inasmuch as Wilson failed to exhaust his administrative remedies, the Court will not address the other grounds for summary judgment raised by Defendants.

6